Moorman v. Quick.

*J. Brownlee*, for the appellee.

---

## MOORMAN v. QUICK.

RIGHT OF REPLEVIN.—Any person, who is in the possession of personal property, whether he own it or not, as against a wrong-doer, is entitled to retain or recover such possession.

PROPERTY SUBJECT TO LEVY.—*A* was indebted to *B* in a certain sum,

a small part of which *B* had agreed to pay to *C*, on account of money he owed him. *B* then gave *C* an order on *A* for the *whole* sum, and in payment thereof *A* gave *C* a check on a bank. *C* presented the check at the bank and the money was counted out to him and laid upon the counter of the bank. *D*, a sheriff, who was standing by, and had in his hands an execution against *B*, seized the money by virtue of said execution, as the property of *B*, before *C* had time to take it up.

*Held*, that there was not, at the time of the levy, such a title to said money in *B*, as would, previous to its delivery to him, enable the sheriff to seize it as his property.

APPEAL from the *Franklin* Common Pleas.

HANNA, J.—*Quick* sued *Moorman* and one *Ryman*, averring that he was school director, and as such had employed said *Ryman* to teach; that he had advanced money, &c., to said *Ryman*, during the progress of his school, to enable him to support his family, under an agreement that he was to draw the money that was due said *Ryman*, for said services, at the end of his term; that upon the written order of said teacher upon the township trustee, he, said *Quick*, received from said trustee a check upon the bank for the sum due for said services, 81 dollars and 25 cents; a small part of which was due said plaintiff, but the precise sum was not then known, as there had not been a settlement between said plaintiff and said *Ryman*; that upon the presentation of said check the money was counted out to plaintiff, but before he had removed it from the counter it was wrongfully seized by the defendant, *Moorman*, &c.

There was a demurrer to the complaint overruled. It is insisted that this was error, because it is not shown that *Quick* was the real party in interest, the real owner of said money. As against a wrong-doer, the plaintiff was entitled to the money, even if it was not his. The ruling was, therefore, right on the demurrer.

*Moorman* answered that he was sheriff, &c., and by virtue of execution against said *Ryman,* &c., levied upon said money as his property, &c.

*Ryman* answered, setting up the same facts averred in the complaint, and in addition, that he was aware that an execution was in the hands of the sheriff, nor had he made any demand on him for property; that he had not even 200 dollars worth, including the sum that might be due him from *Quick* on a settlement of this matter; that he would have presented a schedule and claimed it as exempt, &c., and filed said schedule, and affidavit, &c., with said answer; that he disclaimed any ownership in said money, but averred that *Quick* would be indebted to him in whatever sum was found in his favor upon settlement.

There was no reply to the answer of *Ryman.* There was a denial to that of *Moorman.*

Trial, finding and judgment for *Quick* against *Moorman* for the full amount of the money, and in favor of *Ryman* against *Quick* for the balance, after deducting his indebtedness to said *Quick*—about 7 dollars.

The evidence tends to show that such was the state of the accounts between the parties, *Quick* and *Ryman.*

It is urged that the transaction was intended as a fraud upon the creditors of *Ryman.*

The Court did not so find, nor do we think the evidence would have justified a finding to that effect.

The question of the right of *Quick* to maintain the action upon the evidence, is again earnestly pressed, on the ground that he is not shown to be the real party entitled to the money due for the services of said *Ryman.* We are not able to perceive any substantial reason in this argument. The order gave the plaintiff the right to draw the money; and, we think, that under the circumstances, there was not such a

title in said money, in *Ryman*, as would, previous to its de-livery to him, enable the sheriff to seize it as his property.

As to the ruling of the Court, between *Quick* and *Ryman*, the appellant had not, so far as the record shows, any right to inquire or complain.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages, and costs.

*George Holland* and *C. C. Binkley*, for the appellant.

*Wilson Morrow* and *Wm. G. Quick*, for the appellee.