## Truman Hunt v. John D. Strew.

*Evidence: Identification.* It is not error to permit parol evidence in replevin, for the purpose merely of identifying the transaction, of the fact that the property in question had been taken on an execution, where the contents or validity of the execution is not sought to be shown in that way.

*Evidence: Judgment: Attachment: Execution.* An objection to the introduction in evidence of a justice's judgment and proceedings in a suit commenced by attachment, which only goes to the validity of the service and return of the writ, is not well taken in a suit in which an execution levy by virtue of such judgment, as well as the attachment levy, is in issue, where the judgment was rendered on an appearance of the parties, and the attachment contained a personal summons clause; for it points only to the irregularity of a step in no way essential to the jurisdiction of the justice to render the judgment.

*Evidence: Admissions.* Admissions of a subsequent purchaser, that he had knowledge of the attachment, are admissible in evidence where it is further shown that he had admitted also that he had purchased both after and subject to the attachment.

*Evidence: Fraud: Collusion.* A statement of the attorney for the defendant in the attachment suit, made at the time the judgment was rendered, that he could defeat the judgment but had made up his mind not to do so, cannot be shown in evidence for the purpose of showing fraud and collusion of the attorney; for by itself it has no such tendency.

*Replevin: Value: Evidence: Appraisal.* The admission in evidence of the appraisal in the suit in replevin to prove value is held not error under the circumstances of this case.

*Replevin: Lessor: Lessee: Possession: Right of action.* Where personal property has been leased, the right to replevy during the lease is with the lessee, and not the lessor; the action of replevin is possessory, and no one not entitled to the possession can maintain it.

*Replevin: Charge to the jury: Questions of fact.* In an action of replevin brought by a subsequent purchaser against one holding on an execution levy by virtue of judgment in attachment, there being evidence tending to show an attachment levy, and that plaintiff bought with notice of the proceedings, it is not error to permit the fact of the attachment, and the question of fraud against creditors, to go to the jury.

HUNT *v.* STREW.

*Evidence: Statements: Hearsay.* Statements of one's wife made in his absence cannot be shown as evidence to bind him of the facts so stated. Such statements are hearsay.

*Charge to the jury: Questions not supported by any evidence.* An instruction to the jury, in regard to a billiard table seized on an attachment, that if they found that under the term "billiard table" was ordinarily included the cloth, balls and other things necessary to its use, they might regard them as covered by the inventory on the attachment levy, which only mentioned "one billiard table," provided they found they were in fact included in the seizure, is misleading and erroneous where there was no evidence tending to show that any property was attached except the disjointed table.

*Heard October 27.     Decided November 2.*

Error to Kalamazoo Circuit.

*Edwards & Sherwood,* for plaintiff in error, to the point that the plaintiff, being the general owner, could maintain replevin as against a mere trespasser, though he had leased the property to a third person who was in possession, cited: *Rockwell v. Saunders, 19 Barb., 473 ; Ely v. Ehle, 3 Comst., 506 ; Pangburn v. Patridge, 7 Johns., 140 ; Thompson v. Button, 14 Johns., 87 ; Mills v. Martin, 19 Johns., 31 ; Clark v. Skinner, 20 Johns., 465 ; Rogers v. Arnold, 12 Wend., 35.*

*May, Buck & Powers,* for defendant in error, to the same point *contra,* cited: *Collins v. Evans, 16 Pick., 63 ; Putnam v. Wyley, 8 Johns., 434 ; Rockwell v. Saunders, 19 Barb., 473 ; Bruce v. Westervelt, 2 E. D. Smith, 440 : R. R. Co. v. Kidd, 7 Dana, 245 ; Walpole v. Smith, 4 Blackf., 304 ; Clark v. Heck, 17 Ind., 281 ; Belden v. Laing, 8 Mich., 500 ; Clark v. West, 23 Mich., 242 ; Cary v. Hewitt, 26 Mich., 228.*

CAMPBELL, J :

Hunt replevied from Strew a billiard table and four balls and a box of cue tips, which Strew held on an execution levy on a justice's judgment against Abner S. Brown, and which it was also claimed had first been attached in the same suit.

The billiard table had once been owned and used by Brown in a hotel in Schoolcraft village. The balls, cloth, and some other small articles, were not identified in the same way, and reference will be made to them hereafter. On the 24th day of June, 1872, Hunt purchased the hotel and furniture, and claims to have purchased the billiard table, which was then in the house, but not put together. On this same day the attachment in question was issued and claimed to have been levied on the billiard table as it was then in the building, taken apart. It never was moved or disturbed by the constable until after the execution was levied under the judgment. When this last levy was made the constable found the table in use, and took the cloth, balls, and other articles, which were not in the building at the first levy.

Hunt went into possession of the hotel on the 25th of June, and soon thereafter leased it to one Kingsbury, who occupied it when this suit was commenced. He afterwards procured the balls, cloth and other articles, from Brown, who had them in Goshen, Indiana, where he had gone to take possession of the property which Hunt had traded with him for the hotel. The billiard table was then set up, and Kingsbury allowed to use it. On the 11th of September, 1872, the execution was levied under a judgment rendered in the attachment suit the day before. Hunt then replevied.

Judgment went against him for the amount of this execution lien, and the case comes up on error.

Hunt was the first witness on his own behalf, and gave an account of the transactions as far as necessary. He was asked on cross-examination certain questions as to whether the property had been taken on an execution in favor of the plaintiffs in attachment, Kirby and Fanckboner, and the questions were allowed. We can see no reason why they were improper. They were relevant to the issue, and it was not sought to show the contents or validity of the execution, but only to identify the transaction.

Objection is also made to several successive rulings, ad-

mitting in evidence the attachment writ, bond, judgment, and execution. It is claimed the whole proceedings were void for want of jurisdiction, because the writ was not shown to have been properly served and returned. No objection is made to the affidavit on which it was granted.

When the writ was offered in evidence it appeared to have had an endorsement as follows: "Inventory of goods seized by the above attachment,—one billiard table." The objection made to the introduction of the writ was, that there was no proper inventory. It was not objected that there was no return. The objection to all the subsequent proceedings was the same.

The judgment was rendered on an appearance of the parties, and the writ contained a personal summons clause. The proceedings were admissible as a basis for the execution, whether there had been an attachment levy or not, and were not void on that account. This objection, then, being pointed only to the regularity of a step in no way essential to the jurisdiction of the justice to render judgment in the cause, was not well taken, because the execution levy was in issue, and the evidence was necessary and pertinent to show that the execution was regular, whether there had been an attachment properly levied or not.

An objection was also made to certain testimony of Kingsbury concerning admissions of Hunt of his knowledge of the attachment. The objection urged is, that knowledge of it obtained after his purchase would not defeat it. But whether this be so or not, there was further testimony given by Kingsbury that Hunt admitted he had purchased both after and subject to the attachment. This made it relevant, if it would not have been otherwise.

Bildad Bennett, who acted as Brown's attorney in the attachment suit, was asked on cross-examination, whether he did not tell one of the judgment creditors when the judgment was rendered, that he could defeat that judgment, but had made up his mind to let him take judgment. This was ruled out.

The object was, as now stated, to avoid the judgment by showing fraud and collusion of the attorney. It was open to plaintiff to show there was no service of process made out, and that the attorney appeared without authority. Neither of these was attempted, and no intimation of such a purpose was given at the time. Without some such announcement the testimony was clearly immaterial, and it had by itself no tendency whatever to show either collusion or any defect of jurisdiction. It rather negatived collusion.

It is also objected that the appraisal in this suit was improperly received as evidence of value. We had occasion to consider this in *Worthington v. Hannah, 23 Mich. R., 530;* and in *Walrath v. Campbell, 28 Mich. R., 111.* Such evidence is not very conclusive; but under the circumstances of this case we cannot hold it inadmissible, and it may be questionable whether if it had been, the error could be alleged as prejudicial. The defendant recovered judgment for a lien of a small sum, the execution claim being about twenty-five dollars and interest. The plaintiff, by suing his writ out of the circuit court, asserted a value of more than one hundred dollars, and the record shows he got possession, for which he must have accepted and acted on the appraisal as the measure of his bond. It would be unreasonable now to hold this did not tend to show a value equal to that recovered.

It is also claimed to be error that the court charged the jury that if plaintiff had leased the property replevied to Kingsbury, the lessee, and not the lessor, would have the right to replevy during the lease.

Whatever may be the right of a general owner to sue wrong-doers for interference with his title, we do not think he can sue in replevin where another person has the only right of possession. The action of replevin is possessory, and although under our statutes, where a return is not had, the damages are regulated by the rights of the litigants, yet there is nowhere any indication of an intention to allow any

33 MICH.—12.

one to recover as plaintiff who is not entitled to the posses-
sion.    The affidavit is required to show such a right, and
the whole system contemplates it.    We do not understand
the contrary doctrine to be maintainable under such a stat-
ute, and we have found nothing to authorize it in any case.
None of the cases cited on the argument maintain any such
theory.—See *contra, Putnam v.  Wyley, 8 J. R., 434;
Bruce v.  Westervelt, 2 E. D. Smith, 446.*

We think there was some evidence tending to show an
attachment levy on the billiard table, and also some evidence
which was admissible to go to the jury that plaintiff bought
it of Brown while in Indiana, and with notice of the action
of creditors.    We cannot say, therefore, that there was
nothing to justify the court in permitting the fact of the
attachment, and the question of fraud against creditors, to
go to the jury.

There are, however, some other questions on which we
think the court erred.

George Fanckboner was allowed, against objection, to
relate a conversation with the wife of plaintiff in his absence,
wherein he states her to have made several remarks con-
cerning what Brown had sold ' to her husband, indicating
that the billiard table was not included.    This was hearsay,
and her statements could not bind her husband in any
way.    There was no foundation laid for it as impeaching
testimony.

The court also allowed the jury, if they found that under
the term "billiard table" was ordinarily included the cloth,
balls and other things necessary to its use, to regard them
as covered by the inventory on the attachment levy.    This
was qualified by the condition that they must have been in
fact included in the seizure.

But there was no evidence tending to show that any
property was attached but the disjointed table.    Upon this
the evidence is positive from the officer, and from every
one who speaks on the subject at all.    There being no

testimony to support the charge, it was misleading and erroneous.

The remaining questions are not likely to arise again.

For these errors the judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.