## CHARLES P. HESS v. L. WADE GRIGGS.

*Replevin—Right of action—Proving contract by subscribing witness—Tax-deed relating back—Waste.*

Replevin for timber cannot be maintained on a showing by plaintiff of title to an undivided half of the land from which it was removed.

A presumption of the ownership of timber and the right to recover it *in specie,* by an action of replevin, does not arise from proof that plaintiff had an interest in the land in common with another person.

Where replevin rests on plaintiff's possession through another person who holds under a contract with him which the other contracting party had signed only by his mark, the contract must be proved by the subscribing witness.

The statutory right of a party to testify on his own behalf does not dispense with the necessity for calling the subscribing witness to prove a contract to which he was a party.

A tax-deed cannot relate back to the time of the sale for the purpose of making parties trespassers by reason of acts done on the land before the deed was given.

Where the notice of special defense to an action of replevin for timber cut from land merely puts in issue the title to the land at the time of cutting, the existence of a remedy for waste is not in question.

Error to Saginaw. Submitted April 20. Decided April 28.

REPLEVIN. Defendant brings error.

*Gillett & Holden* for plaintiff in error.

*Samuel M. Porter* for defendant in error.

COOLEY, J. Griggs brought replevin for ten pieces of pine timber. The case was begun in justice's court, and was certified to the circuit court on a plea by defendant that the timber was cut by him on certain described lands which then were and still are owned by one Harlan P. Smith and not by the plaintiff.

On the trial no question was made that the timber was cut by defendant on the lands described. Plaintiff undertook to show title to the lands in himself, but showed only a title to an undivided half thereof, in common with one Millard. He then undertook to show that he was in possession of the lands when the timber was cut, but the evidence was that he was "in possession of said lands by one John Bennett, to whom he claimed he had sold certain timber on said lands, and who was then occupying the same for the purpose of cutting and removing said timber." Bennett was then called, for the plaintiff, and testified that sometime previous to the commencement of this suit he executed a contract with plaintiff concerning the cutting of timber on the lands in question; that he could neither read nor write, but signed the contract by making his mark

and afterwards turned it over to defendant by assigning to defendant his interest therein. A contract was then presented to the witness which purported to be executed. by Griggs of the one part and the witness signing with a mark of the other, and the execution attested by one M. B. DeLand. Witness was then asked whether he recognized his signature to the instrument. This was objected to on the ground that the instrument could only be proved by the subscribing witness, unless his absence from the court was accounted for and excused. The objection was overruled, and the witness, after stating that he could not read or write, and having the paper read over to him, testified that that was the contract he had spoken of. By this contract Griggs purported to sell to Bennett "all the pine timber or trees now lying on the ground, all the white oak trees lying or standing, all the basswood, white ash, butternut and elm trees standing or being on the land" described.

So far as we can see, the legal rights of the parties depend mainly upon this instrument. By it Griggs purports to sell to Bennett timber on the land in question, but so specifies what is sold as to exclude the growing pine timber or trees. The pieces of timber in dispute in this case are alleged to have been cut by Hess as standing trees after the date of this instrument. It is upon this ground that Griggs claimed that the timber belonged to him, and that he assumed to replevy it. Had he shown title to the lands, he might have contented himself to rely upon that title as sufficient evidence in his favor; but failing in this, he fell back upon evidence of his possession. But upon this point his own testimony was that he was in possession by Bennett, who was there for the purpose of cutting and removing the timber which had been sold to him. Bennett, however, testified that he had transferred his possession to Hess in assigning the contract to him, and the conclusion must be that Hess had such possession as he might lawfully have as purchaser of such timber as was sold by

the contract. The contract thus became a vital part of the plaintiff's case, and it was incumbent upon him to make proof of it in the customary mode. 1 Greenl. Ev. § 569.

The customary mode was to call the subscribing witness. There is nothing in the change in the law whereby parties are permitted to be witnesses on their own behalf which will dispense with his being called. He is made a witness to the instrument for the very purpose of having a disinterested person in position to speak to the very facts where the parties concerned might perhaps distort or falsify them. *Hollenback v. Fleming*, 6 Hill, 303–305. The importance of the rule appears in this case, for the contract was executed by one party who could neither read nor write, and was consequently to some extent at the mercy of others, and it contained a very important interlineation.

We pass over in this case many objections which we think have no force. The objection of plaintiff to the showing of title in Harlan P. Smith we think well taken. Smith claimed by a tax deed, given after the timber was cut but on a sale which had been made previously. He therefore had no title at the time of the cutting. For some purposes such a deed may relate back to the time of the sale, but it could not by relation make parties trespassers by reason of acts done upon the lands before it was given. *Smith v. Milles* 1 T. R. 475; *Case v. De Goes* 3 Caines 261; *Bacon v. Kimmel* 14 Mich. 201. In some cases the occupant of lands may be liable for waste under such circumstances: *Stout v. Keyes* 2 Doug. (Mich.) 184: but the existence of such a remedy is not in question here; the notice of special defense merely putting in issue the title at the time the timber was cut.

It appears then that as the case was submitted to the jury the plaintiff had shown title in himself to an undivided one-half of the land, but had not shown possession. He was not therefore entitled to maintain the suit, both because a presumption of ownership of the

timber and of the right to recover it *in specie* does not arise from his proof that he had an interest in the land in common with another, and also because apparently defendant had possession of the land when the cutting took place, and therefore, in the absence of any legal showing of the circumstances or contract under which he occupied, had apparently the right to cut timber. If this right was in any way qualified, plaintiff should have made proof of the fact.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.