WILLIAM H. NOTTINGHAM v. NATHAN H. VINCENT.

*Replevin—Chattels under hire—Special finding.*

A special finding involving the conclusion that a certain person is holding chattels under an unexpired lease, is inconsistent with a general verdict for the lessor in an action of replevin brought by him against an officer who has levied on the chattels under an execution against the lessee, as it negatives the plaintiff's possessory right.

Error to Mecosta. (Russell, J.) April 19.—April 25.

REPLEVIN. Defendant brings error. Reversed.

*W. W. Carpenter* and *Webster & Davis* for appellant. Replevin will not lie against a sheriff where plaintiff's goods were left in the possession of a third person, even though the sheriff has requested him to take charge of them : *Bacon v. Davis* 30 Mich. 157; *Hickey v. Hinsdale* 12 Mich. 99 ; *Gidday v. Witherspoon* 35 Mich. 369 ; *Maxon v. Perrott* 17 Mich. 332 ; *Mills v. Van Camp* 41 Mich. 645 ;

*Morrison v. Lumbard* 49 Mich. 548; where special findings are inconsistent with a general verdict the verdict must control: Comp. L. § 6026; *Keeler v. Robertson* 27 Mich. 116; *Harbaugh v. Cicott* 33 Mich. 241.

*Frank Dumon* for appellee.

GRAVES, J. The defendant as under-sheriff held an execution against one Calvin W. Nottingham, the plaintiff's son, and took certain steps to effect a levy on a library of law books which the son was using. The plaintiff, claiming to own the books, brought this suit in replevin for them and obtained possession, and on the trial was allowed to recover generally. Several points were contested. It was contended by the plaintiff that he purchased the books from his son and leased them back to him.

The defendant claimed—1st, that these dealings were merely colorable and in bad faith, and intended to defraud the son's creditors; 2d, that the proceedings under the execution were not carried far enough to disturb the possession; and 3d, that the son and not the plaintiff held possession and the right to it.

Besides what related to other questions, there was evidence to be considered by the jury on this last proposition. It appeared from the plaintiff's own testimony that his son hired the books from him for one year in 1874, and had ever since kept them in his office and used them in his law business.

The jury had grounds for saying that the first arrangement was continued from year to year.

In view of all the evidence on this subject they were asked to find specially whether at the commencement of the suit the son, Calvin W., was not entitled to the possession, and they found that he was. As a foundation for this result they must have found that the son was holding the books at hire for an unexpired term, and on that general hypothesis, with nothing to qualify it, the conclusion was accurate. *Hunt v. Strew* 33 Mich. 85; *Gordon v. Harper* 7 Term 9.

This finding was conclusive against the plaintiff. It

determined that he had no possessory right to warrant replevin.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.