FRANK ELDRIDGE v. JOHN D. SHERMAN.

*Replevin—Action brought in name of agent òf mortgagee.*

1. Replevin is a possessory action, and can only be maintained by a person entitled to the possession of the property claimed at time of the commencement of the suit. *Hunt v. Strew,* 33 Mich. 85 ; *Burt v. Burt,* 41 I.l. 82 ; *Woolston v. Smead,* 42 Id. 54 ; *Hess v. Griggs,* 43 Id. 397.

2. Where an agent, at the request of a mortgagee, took possession of the mortgaged property for the purpose of foreclosure, the same being voluntarily turned over to him by the mortgagor after an unsuccessful attempt to obtain an extension of time of the mortgagee, and, after incurring the expense of keeping the property while awaiting its sale, the mortgagor reclaims it without the knowledge or consent of the agent, and without paying the mortgage debt and said expenses, the agent may maintain replevin in his own name for its recovery.

Error to Van Buren. (Mills, J.) Argued May 2, 1888. Decided May 11, 1888.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Crane & Breck,* for appellant, contended :

An agent or auctioneer, who is responsible to the owner, has sufficient possession to maintain replevin ; citing Wells, Repl. § 132 ; *Lockwood v. Bull,* 1 Cow. 332 ; *Corbitt v. Heisey,* 15 Iowa, 296 ; and he may sue in his own name, or that of his principal ; citing 1 Wait, Act. & Def. p. 281, § 4, p. 285, § 5, and cases cited ; 6 Id. p. 105 ; *Craig v. Gilbreth,* 47 Me. 416 ; *Morse v. Pike,* 15 N. H. 529 ; *Mitchell v. Stetson,* 7 Cush. 435.

*Lester A. Tabor,* for defendant, contended :

1. An agent having no beneficial interest in a contract cannot maintain an action upon it in his own name, either at law or in equity ; citing *Gunn v. Cantine,* 10 Johns. 387 ; *Oakey v. Bend,* 3 Edw. Ch. 482 ; *Kent v. Bornstein,* 12 Allen, 342 ; *Taintor v. Prendergast,* 3 Hill, 72.

2. The principles involved in this case are decided in *Davidson v. Gunsolly*, 1 Mich. 388. and cases cited; *Chadwick v. Broadwell*, 27 Id. 6 ; *Smith v. Dodge*, 37 Id. 354.

3. Plaintiff, being an entire stranger to the mortgage, could acquire no right of possession under it against the defendant, the admitted general owner : *Hendrickson v. Walker*, 32 Mich. 68 ; *Kohl v. Lynn*, 34 Id. 360 ; *Loan & Trust Co. v. St. Clair*, Id. 518. See, also, *Warner v. Comstock*, 55 Id. 615, 619, 620.

LONG, J. On March 9, 1886, defendant, Sherman, gave his promissory note to one F. W. Sellick for the sum of $70, and, to secure the payment thereof, made, executed, and delivered to Sellick a chattel mortgage upon one black mare, 12 years old, and one yearling sorrel colt.

On March 15, 1886, defendant also gave to one A. D. Hoppin his note for $500, to secure the payment of which he gave Hoppin a chattel mortgage for said amount on five horses and other property. These horses included those mentioned in the Sellick mortgage, and this mortgage was given subject to the Sellick mortgage. Both mortgages were duly filed in the township clerk's office.

The Sellick mortgage by its terms was to become due and payable on May 10, 1886, and the Hoppin mortgage on September 1, 1886.

On April 20, 1886, defendant paid $100 on the Hoppin mortgage.

After the Hoppin mortgage became due, the plaintiff in this cause, a constable residing at Paw Paw, procured from the township clerk certified copies of these two mortgages, and, under the direction of Mr. Hoppin, took possession of the horses mentioned in the two mortgages. The property was at Paw Paw, and Mr. Hoppin resided some 18 miles distant from there. After Mr. Eldridge had taken possession of the horses, he took them to the Cleveland Bay horse barn, and at once advertised them for sale under the two mortgages, by two separate advertisements. The horses were kept in the Cleveland Bay horse barn for several days, and until December

20 or 21, 1886, when the defendant, without the knowledge. or consent of the plaintiff, went to the barn where the horses were kept and took them into his possession..

The plaintiff brought replevin, and took the horses into his possession under his writ.

Upon the trial of this replevin suit, and at the close of the testimony, the court directed a verdict in favor of the defendant, and the plaintiff brings the case here on writ of error.

No question is made as to the validity of the two mortgages, or of the amount due and unpaid thereon. On the trial the plaintiff offered the two mortgages in evidence.

The plaintiff was called as a witness in his own behalf, and gave testimony from which it appeared that Mr. Hoppin, the mortgagee, directed the plaintiff to take possession of the horses under the mortgages, for the purpose of foreclosing them.

In pursuance of such instructions, the plaintiff procured copies of the mortgages, presented them to the defendant, who read them over, and wanted longer time, and said he would deliver up the property the next morning unless he could get an extension; said he would go and see Mr. Hoppin the next day, and wanted one of the horses for that purpose. On the following morning plaintiff saw defendant, who then said he had been to see Mr. Hoppin. Plaintiff asked him what arrangement he had made, and he said, " I guess you will have to take the horses." Plaintiff took some of them away on that occasion, defendant furnishing a halter to enable him to lead them.

Plaintiff then informed him that he would take the other two on the following day, to which defendant assented, and on the following day the plaintiff took the other two into his possession, and took them to the Cleveland Bay horse barn, where he made arrangements for their keeping, and at once advertised them for sale on the two mortgages, when, on

December 20 or 21, 1886, defendant, without any authority from plaintiff and without his knowledge, took the horses away. Plaintiff made demand for their return, and, being refused them, he then brought the action of replevin in his own name.

The expenses for keeping the horses up to this time amounted to $2.50, and plaintiff claimed for his services the sum of $7.50.

At the close of this testimony, which was undisputed, the court held that the action could not be maintained by the plaintiff in his own name, and directed a verdict for the defendant for nominal damages, the defendant electing to take judgment for a return of the property. Plaintiff's counsel assign error upon this ruling of the court. This raises the only question for our consideration.

Defendant's counsel claims that the plaintiff was not the owner of the mortgages, and had no interest in them; that the taking possession of the property gave him individually no lien or claim, and, even conceding him to be the agent of Mr. Hoppin, he could not maintain replevin in his individual name, but must bring it in the name of his principal.

Defendant's counsel further claims that the testimony does not show that the plaintiff was the agent of Hoppin for the purpose of bringing this replevin suit.

Replevin is a possessory action, and can only be maintained by a person entitled to the possession of the property claimed at the time of the commencement of the action. *Hunt v. Strew*, 33 Mich. 85; *Burt v. Burt*, 41 Id. 82 (1 N. W. Rep. 936); *Woolston v. Smead*, 42 Id. 54 (3 N. W. Rep. 251); *Hess v. Griggs*, 43 Id. 397 (5 N. W. Rep. 427).

Mr. Eldridge was called upon by Mr. Hoppin, the mortgagee in one of these mortgages, to get copies of these chattel mortgages and take possession of the property, evidently for the purpose of foreclosing them. Mr. Hoppin did not reside at Paw Paw, but some 18 miles distant from there.

The defendant, before the horses were taken from his possession, but after being called upon by Eldridge to pay the amount due or to surrender the property, called upon Hoppin, the mortgagee, and, not being able to get an extension of time of payment, voluntarily turned the horses over to Eldridge, who took them to the Cleveland Bay horse barn and there hired them kept at some considerable expense, and was proceeding to foreclose the mortgages, when the defendant surreptitiously took them away.

It was the duty of Eldridge, under the circumstances here stated, to protect his possessory rights for the interest of his principal.

The right of possession was in Eldridge, not only by the authority from Hoppin, but by the voluntary surrender of the property by the defendant, the mortgagor; and the defendant had no right, after such voluntary surrender of the mortgaged property, and after the plaintiff had been put to the expense of the keeping, to take the property away without first paying, or tendering payment of, the mortgage debt and interest, and such expenses, and it is very doubtful, under the circumstances here stated, if Hoppin himself would have had the right to have the possession of the property without first paying the expenses incurred in keeping the property, and the costs and charges of Eldridge.

The right of possession being in Eldridge at the time of the commencement of this action, he could maintain the action in his own name, and the court should have so instructed the jury.

The judgment of the court below must be reversed, with costs, and a new trial ordered.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.