### E. STEEN v. T. H. HAMBLET.

1. EXEMPT PROPERTY. *Title of exemptionist.*
   To entitle a debtor to claim articles exempt under the statute from execution, it is not necessary for him to show that he has title to the property; the right does not depend upon title, but may be merely possessory.

2. SAME. *Section* 1300, *code. Case in judgment.*
   Where personal property subject to exemption, and belonging to a wife, is adjudged to be liable to the debts of the husband, by virtue of § 1300, code 1880, the latter may claim his exemption therein as against his creditors, notwithstanding he has no title and may have asserted title in his wife.

APPEAL from the chancery court of Yalobusha county.

HON. BAXTER McFARLAND, presiding as chancellor by interchange with HON. J. G. HALL.

The property in controversy, together with other property, title to all of which was in Mrs. Hamblet, was levied on in 1887 by appellant, Mrs. E. Steen, under a judgment against T. H. Hamblet. The property was being used in his business by T. H. Hamblet, who was a trader, and it was sought to be subjected as if his property

by virtue of § 1300, code 1880. At the time of the levy T. H. Hamblet disclaimed any interest or title in the property but asserted the ownership of his wife, who interposed a claim to the property. Upon a trial of this claimants issue the property was adjudged to be liable to his debts under said statute, and the judgment was affirmed on appeal (see *Hamblet et al.* v. *Steen,* 65 Miss. 474).

Subsequently T. H. Hamblet, the debtor, claimed certain of the property levied on, viz.: a horse, a mule, and a hack, as exempt to him, and, as the officer refused to accept his bond to replevy them, he filed this bill to enjoin the sale of them, and to have them restored to him. Plaintiff, Mrs. Steen, thereupon moved to dissolve the injunction and appealed from the decree of the chancellor overruling the motion.

*R. H. Golladay,* for appellant.

There is no dispute on the point that the property belongs to Mrs. Hamblet, not to T. H. Hamblet. The argument apparently adopted by the chancellor was that the words of the statute " be in all respects treated in favor of creditors, as his property," means that the property, though belonging to another, where used in the business is exempt to the trader, because he is entitled to exemption in his own property. This assumes that " the trader " is entitled to exemption in property used in the business and that the property so used is to be *in all* respects treated as the trader's.

By § 1301, code, a lien is given in favor of a lessor on " all agricultural products." The specific property, " agricultural products "—all of it—is made liable for rent. General property, other than the specific property, is not affected. Yet no one has ever supposed that as against the landlord one hundred and fifty bushels of corn was exempt out of the agricultural products. Just so, § 1300, makes liable to debts of the trader certain specific property—*all of it,* viz.: " all the property, stock, money, and choses in action used and acquired, etc.," not all the property of the debtor. His property not so used is not affected. But the specific property, without regard to ownership, is made liable, so that under neither statute can there be an exemption out of the specific property as against the creditors mentioned.

The statutory language is, that the property shall be in all re-spects treated " *in favor of creditors,*" as the trader's property. To allow the exemption, would be treating the property *in favor of the debtor.* The only way to treat the property in all respects in favor of creditors is to subject it—all of it—to debts.

The utmost license of construction cannot construe § 1300 so as to give " such person " an exemption in another's property. That section cannot, as against the owner, transfer to the trader any right of property. Independently of contract, the trader acquires no interest, appreciable in law, under the statute in another's property, merely because he is permitted to use it in his business. The owner has no immunity whatever in his own property as against an execution against such trader. Now, if such trader is allowed an exemption in the property, we have this startling re-sult : *The owner cannot claim his property against the trader's credi-tors. The creditors cannot subject it as against the debtor, because ex-empt ; yet, the debtor cannot hold against the owner.*

Section 1244, code, exempts " also the following property *of* each head of a family," etc., that is, property *owned* by him, for § 1277 provides for the descent of exempt property " on the death of the husband or wife owning it."

The exemption is a personal privilege. A bailee or mortgagee cannot claim it. The owner alone can claim it. *Wygant* v. *Smith,* 2 Lansing (N. Y.) 187 ; *Williams* v. *McGrade,* 13 Minn. 174 ; *Hasbrouck* v. *Bouton,* 60 Barb. 414 ; *Pierce* v. *Schenck,* 3 Hill 29 ; *Cole* v. *Mann,* 62 N. Y. 1.

A chattel in possession of buyer, vendor retaining title, is not liable to execution. *Bradshaw* v. *Warner,* 54 Ind. 58.

Hamblet is estopped to claim any exemption. He refused to select exemption at time of the levy, and disclaimed all interest in the property. Big. Estoppel 600 ; 2 Smith L. Cas. 715, 716 ; 33 Am. Rep. 152; 3 Hill 534, 536, and cases cited ; Thompson, H. & Exemp., § 646.

*I. T. Blount,* on same side.

Can the execution debtor set up his claim for exemption in the property of another, condemned because of § 1300 ? We say not.

He has had his day in court.    But, aside from the judgment of condemnation already rendered herein, this court has repeatedly said, "The object of this statute is to prevent frauds. No exception will be engrafted upon it by construction." *Gumbel* v. *Koon*, 59 Miss. 266. So this statute must stand in its letter without the aid of liberal construction which our courts indulge toward exemptionists. This statute says "all the property" shall be liable. This is the letter and the spirit of the law, being to discourage secret claims ; and the claim of Mrs. Hamblet being already decided adversely to her, the defendant's day in court is passed, and the property is liable.

*Geo. H. Lester*, for appellee.

On the point of estoppel little need be said.    There has been no sale of the property, nor intervention of the rights of innocent third persons.    Whatever disclaimer of title or promises may have been made by Hamblet, the *locus penitentiæ* is open to him at least till there has been a sale or before other rights intervene. *Campbell* v. *Adair*, 45 Miss. 170.    In *Crane* v. *French, Admr.*, 38 Miss. 503, this court held that a covenant not to plead the statute of limitation was void as against public policy.    This rule should apply with more force to a case where the head of a family is sought to be deprived of his exemption because of disclaimer, pledges or promises on his part.

Hamblet did say the property belonged to his wife, and as a fact it did except, as to Hamblet's creditors.    As to his creditors it was his property, and by virtue of § 1300 to be " treated as his," and therefore it was subject to exemption as if his.

The appellant seeking to subject this property to the execution against Hamblet is estopped to say he is not entitled to exemption out of it.    No sort of fraudulent conduct by a debtor will authorize a creditor to take such property as the law exempts. *Moseley* v. *Anderson*, 40 Miss. 49.    The right is not affected by the nature of his estate whether it be in fee-simple, for life, for years, *or a mere possessory interest*.    *McGrath et al.* v. *Sinclair*, 55 Miss. 89 ; *King* v. *Sturges*, 56 Miss. 606.

The equities between Hamblet and his wife are not involved in this suit.

Exemption laws are statutory and this claim for exemption comes expressly within the statute, even if such laws were not construed liberally in favor of debtors.

CAMPBELL, J., delivered the opinion of the court.

Certain things are exempt from seizure under execution. Section 1244 of the code. It matters not by what tenure the articles are held by the defendant, they cannot be taken from him. His right may be merely possessory, and the allowance of exemption may enure to the benefit of some one else, who may wrest the property from him; but they are exempt because the statute so provides, and it does not make exemption depend on the title of the defendant.

*Affirmed.*