ALBERT D. HOPPIN v. FRED E. AVERY.

[See 70 Mich. 266; 79 Id. 484.]

*Replevin—Res judicata—Good-faith purchaser.*

1. A purchaser from the defendant in a replevin suit, to whom the property has been returned by virtue of a judgment in his favor for such return, is bound by a *final* judgment in favor of the plaintiff.

So *held*, where two chattel mortgages were delivered to an agent for foreclosure, to whom the mortgagor surrendered the property, and then repossessed himself of it. The agent replevied it in his own name, and completed the foreclosure by a sale of the property to the mortgagee, after which the mortgagor recovered a judgment for its return, which was complied with. The mortgagor then sold the property to a third person, who was sued by the mortgagee in trover after the agent had recovered a *final* judgment in the replevin suit determining the validity of the chattel mortgages, and the vendee sought to retry said question, which he is held estopped from doing by said judgment.

2. Possession is not conclusive evidence of title, and an unauthorized sale of personal property does not prejudice the owner, unless he has done some act which is calculated to mislead the purchaser. The mortgagor had no title when he sold the property, and it is immaterial whether his vendee purchased in good faith or not. His only remedy is against the mortgagor under the implied warranty of title which accompanies a sale of personal property.[1]

---

[1] See *Mannausau v. Wallace, ante,* 543.

Error to Van Buren. (Buck, J.) Submitted on briefs June 19, 1891. Decided October 9, 1891.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Osborn & Mills* and *E. R. Annable,* for appellant, contended:

1. The decision in *Eldridge v. Sherman* was not *res judicata* as to the validity of the mortgage, its consideration, and the existence of any indebtedness as between Sherman and Hoppin. While defendant was a purchaser during the pendency of said suit, his purchase was made while Sherman was in possession of the property under the first judgment, and, though the case was then pending in the appellate court, no bond staying proceedings had been filed, and the mortgage was, so far as the official record in the town clerk's office showed, of no force, not having been legally renewed; and Avery had heard Hoppin tell Sherman, in 1886, that certain money, which he then saw paid to Hoppin, 'paid up the last indebtedness between them. Defendant paid full value for the horse, and was a good-faith purchaser, both in fact and in law; and there is no good reason why, upon the reversal of the judgment in favor of Sherman after defendant's purchase, he should occupy any less favorable position than he would had he purchased the property at an execution sale, made under the authority of a judgment which was subsequently reversed; citing Freem. Ex. §§ 345, 346.

2. Two issues were submitted to the jury in the replevin suit, who found a general verdict, and it was not shown and could not be told upon which issue the case was decided. If upon the first issue, then the validity and consideration of the mortgage was not determined, but only the right of Eldridge to the possession of the property when he replevied it; citing *Deyoe v. Jamison,* 33 Mich. 94.

3. Neither Hoppin nor Avery was a party to the replevin suit, and neither had the right to control its management, or take an appeal from the judgment rendered; citing *Hale v. Chandler,* 3 Mich. 531.

4. A stranger to the record may subject himself to be concluded by the result of the suit if he openly and actively, and in respect to some interest of his own, assumes its defense; but, to accomplish this result, Hoppin must have defended avowedly, and with notice to Sherman, and not upon a secret under-

standing, and his interposition must have been so complete as practically to substitute him for Eldridge in the management and control of the case. The employment of attorneys who appeared for Eldridge, testifying as a witness, being present and aiding in the conduct of the trial, and lending assistance in money or services to him, or joining in an appeal, would not alone be sufficient to make Hoppin a party to the judgment; citing 2 Black, Judg. § 540, note 173; *Lownsdale v. Portland,* 1 Oreg. 381.

5. If Hoppin was not bound by the judgment, Avery certainly would not be; and if Hoppin *was* bound, it is not then clear that Avery would also be bound. He was not a privy, so far as Eldridge was concerned. Avery was a purchaser *pendente lite,* but not such a purchaser during any litigation involving anything by which he or those through whom he claimed could be bound, and he had no actual knowledge of the pendency of the suit; citing *Sampson v. Ohleyer,* 22 Cal. 200.

6. The doctrine of *res judicata* operates by way of estoppel. Estoppels must be mutual, and a party will not be concluded' as against his contention by a former judgment unless he could have used it as a protection or as a foundation of a claim had the judgment been the other way; and, conversely, no person can claim the benefit of a judgment as an estoppel unless he would have been prejudiced by a contrary decision of the case; citing *Nowak v. Knight,* 44 Minn. 241; *Densmore v. Tomer,* 14 Neb. 392; *Moore v. Albany,* 98 N. Y. 396.

7. Eldridge was merely the agent of Hoppin, and Hoppin could not be concluded by the judgment; citing *McKay v. Kilburn,* 42 Mich. 616; *Warner v. Comstock,* 55 Id. 615; *Wyman v. Bowman,* 71 Me. 121; *White v. Dolliver,* 113 Mass. 400; *Phillips v. Moir,* 69 Ill. 155; *Alexander v. Taylor,* 4 Denio, 302; *Hunt v. Haven,* 52 N. H. 162; *Pico v. Webster,* 12 Cal. 140; Big. Estop. 119.

8. Plaintiff had the burden of showing upon which of the issues the verdict of the jury in the replevin suit was based; citing *Russell v. Place,* 94 U. S. 606; *Sawyer v. Woodbury,* 7 Gray, 499; *Chrisman v. Harman,* 29 Grat. 494; and, in any event, he assumed the affirmative by endeavoring to trace his right of recovery through the judgment in that case; and the question was one of fact for the jury, because its solution would depend upon the weight of evidence, as the estoppel did not appear upon the record itself; citing *Amsden v. Railroad Co.,* 32 Iowa, 288; *Bitzer v. Killinger,* 46 Penn. St. 44; *Tutt v. Price,* 7 Mo. App. 194; and, as no evidence was adduced upon this question, the court erred in holding the judgment *res*

*judicata*; citing *Russell v. Place*, 94 U. S. 606; *Wilson v. Deen,* 121 Id. 525; *Packet Co. v. Sickles*, 5 Wall. 580; *Dunlap v. Glidden*, 34 Me. 519; *Rogers v. Libbey*, 35 Id. 200; *King v. Chase*, 15 N. H. 9; *Aiken v. Peck*, 22 Vt. 255; *Post v. Smilie,* 48 Id. 185; *Supples v. Cannon*, 44 Conn. 424; *Snider v. Croy*, 2 Johns. 227; *Tams v. Lewis*, 42 Penn. St. 420; *Follansbee v. Walker*, 74 Id. 306; *Barger v. Hobbs*, 68 Ill. 592; *Amsden v. Railroad Co.*, 32 Iowa, 288; *Sweet v. Maupin*, 65 Mo. 65; *Driscoll v. Damp*, 16 Wis. 106; *Hickerson v. City of Mexico,* 58 Mo. 61; *Clark v. Blair*, 14 Fed. Rep. 812; *McDowell v. Langdon*, 3 Gray, 513; *Burlen v. Shannon*, 99 Mass. 200; *Lea v. Lea*, Id. 493; *Hooker v. Hubbard*, 102 Id. 239; *Hood v. Hood,* 110 Id. 463.

*Crane & Breck*, for plaintiff, contended:

1. Hoppin was privy to Eldridge in the replevin suit, and that case is *res judicata*; citing *Finney v. Boyd*, 26 Wis. 367; *Driscoll v. Damp*, 16 Id. 110; *Wales v. Lyon*, 2 Mich. 276; *Prentiss v. Holbrook*, Id. 372; *Tucker v. Rohrback*, 13 Id. 74; *Barker v. Cleveland*, 19 Id. 235; *Lansing v. Sherman*, 30 Id. 52; *Fifield v. Edwards*, 39 Id. 264.

2. Evidence is always admissible to show what matters arose and were determined in a prior suit, and the record may even be explained; citing *Briggs v. Wells*, 12 Barb. 567; *Harris v. Harris*, 36 Id. 88; *Driscoll v. Damp*, 16 Wis. 110; *Easton v. Bratton*, 13 Tex. 30; *Packet Co. v. Sickles*, 5 Wall. 580; *Smith v. Talbot*, 11 Ark. 666; *Chamberlain v. Gaillard*, 26 Ala. 504; *Lawrence v. Hunt*, 10 Wend. 80; *Gardner v. Buckbee*, 3 Cow. 120; *Eastman v. Cooper*, 15 Pick. 276.

McGRATH, J. This is trover for the conversion of a horse. Plaintiff had judgment, and defendant appeals.

In March, 1886, John D. Sherman gave two chattel mortgages upon certain horses, including the one for the value of which this suit is brought,—one to plaintiff, and the other to one Sellick. Sellick assigned his mortgage to plaintiff. Plaintiff, in the fall of 1886, placed the mortgages in the hands of one Eldridge for foreclosure. Eldridge demanded the horses from Sherman, who asked for an extension of time, and was granted one day. Eldridge on the next day went for the horses, and Sherman voluntarily delivered them to Eldridge, who held

them for five days, at the end of which time Sherman took the horses from the barn where they were put by Eldridge. Eldridge afterwards made a demand upon Sherman for the horses, but Sherman refused to give them up. Eldridge then brought replevin in his own name, and secured the horses, and sold them in March, 1887, to plaintiff.[1] Upon the trial of the replevin suit in September, 1887, Sherman had judgment for the return of the property, on the ground that Eldridge was simply the agent and servant of the plaintiff here, and as such was not entitled to maintain that suit in his own name. The sheriff took the horses from Hoppin, and returned them to Sherman. Eldridge appealed to this Court, and that judgment was reversed, and a new trial ordered. *Eldridge v. Sherman,* 70 Mich. 266. Before a retrial was had, to wit, in April, 1888, Sherman sold the horse in question to defendant here. In January, 1889, a retrial of the replevin suit was had, and Eldridge had judgment. Sherman appealed to this Court, and that judgment was affirmed. 79 Mich. 484.

Plaintiff brings trover for the value of the horse purchased by the defendant from Sherman. Plaintiff put in evidence the two mortgages in question; a certificate or claim filed with the township clerk, dated August 25, 1886, wherein plaintiff claimed that there was due on the mortgage given to him the sum of $400; three affidavits of renewal, filed, respectively, March 7, 1887, March 9, 1888, and March 11, 1889; the files, records, charge of the court, and judgment entry in the case of *Eldridge v. Sherman;* and it was conceded that in the last trial of *Eldridge v. Sherman* the whole question of the validity of plaintiff's mortgage was fully gone into upon both sides, as well as whether the property was or

---

[1] This sale was made by virtue of the mortgages, and in completion of their foreclosure.

was not voluntarily turned out to Eldridge by Sherman, and these questions were submitted to the jury as questions of fact under the charge of the court.

Defendant objected to the admission of the files and judgment in the case of *Eldridge v. Sherman*, and sought to assail the validity of the mortgage given to plaintiff; but the court held that the decision in that case was conclusive upon that question. We think that the court was correct in this determination. Although defendant here was not a party to that suit, his vendor was, and the vendee could not be permitted to retry the issue which had been disposed of adversely to his vendor in that litigation. Any other rule would involve the parties in endless litigation, for, in order to secure a retrial of the same issue, it would only be necessary to transfer the property.

But it is insisted that plaintiff here was not a party to that suit. It must be conceded, however, that he was the real party in interest. Indeed, the fact appears in the suit that Eldridge claimed as an officer who had taken the property for Hoppin under a mortgage running to him, and the validity of this mortgage was assailed in that suit. There is no question but that a final judgment in that suit in favor of Sherman would have concluded plaintiff here. The issue there involved more than the right of possession. The validity of the mortgage had in fact been tried and determined by the judgment. A final judgment is binding not only upon the parties, but upon their privies.

It is argued, however, that although the question of the validity of the mortgage was raised and gone into in that suit, yet another and distinct issue was submitted to the jury, involving the right of possession only, and, as the verdict was general, it is impossible to say upon which proposition the jury based their verdict. This

argument proceeds upon a narrow view of the determination of this Court in the case of *Eldridge v. Sherman*, already referred to. In the first (70 Mich. 270) Mr. Justice LONG says:

" The right of possession was in Eldridge, not only by the authority from Hoppin, but by the voluntary surrender of the property by the defendant, the mortgagor; and the defendant had no right, after such voluntary surrender of the mortgaged property, and after the plaintiff had been put to the expense of the keeping, to take the property away without first paying, or tendering payment of, the mortgage debt and interest, and such expenses."

What the Court in effect say is that, after the voluntary surrender of the horses to Eldridge, Sherman was estopped from setting up the invalidity of the mortgage. Hence the same result was reached upon whichever question the jury passed. If · they found that the property had been voluntarily delivered over to Eldridge, then Sherman was estopped from questioning the validity of the mortgage. If they found that there was not a voluntary delivery, then upon the merits they found the mortgage to be a valid one. In either case the question of the validity of the mortgage was passed upon.

Objection is made to the admission of the testimony of plaintiff as to what matters were in issue in the replevin suit; but the files and records were afterwards introduced, and the same facts were conceded.

Defendant offered to show that in June, 1886, Hoppin, Sherman, and Avery met, and that at that meeting Sherman made a payment to Mr. Hoppin, and Hoppin then and there stated that. the sum so paid over paid the last of the debt covered by this mortgage, to show that there was nothing due upon this mortgage in any event, assuming that it was a valid mortgage. The testimony was excluded, and we think properly. If it was

true that the debt secured by this mortgage was paid, it would have been a good defense in the replevin suit. The right to foreclosure depended upon the existence and non-payment of the debt. As was said in *Fifield v. Edwards*, 39 Mich. 264, 266:

"It cannot be suffered that a controversy shall be tried over and over, but the one suit tried, submitted, and disposed of on the merits must conclude the litigation. If a party has been so negligent or so unfortunate as to fail in making a full presentation of his case, whereby the judgment was passed against him, he cannot be helped on making a better showing in a new suit. The estoppel does not depend upon the question whether justice was done in the first suit, but upon the merits having once been considered and passed upon."

It is not claimed that this statement misled Avery, or that in his purchase he relied upon the information thus obtained. His purchase was made nearly two years afterwards. In the mean time the filing of the mortgage had been kept alive in the office of the township clerk by renewals, one of which was filed within a month prior to his purchase.

In offering the files of the replevin suit, plaintiff's counsel, under objection, excepted the order for the return of the property after verdict at the conclusion of the first trial. That judgment had been reversed, and was without force or effect. The case had been appealed to this Court when Avery purchased. If he had notice of the judgment, he had notice of the appeal, or that the judgment was not final.

Possession is not conclusive evidence of title. An unauthorized sale of personal property does not prejudice the owner, unless he has done some act which is calculated to mislead the purchaser. Sherman had no title when he sold to Avery, and it is immaterial whether the latter purchased in good faith or not. His only remedy

is against Sherman under the implied warranty of title which accompanies a sale of personal property.

There is no error in the record, and the judgment is affirmed, with costs.

The other Justices concurred.