## ECKER v. LINDSKOG, Sheriff.

Under Laws 1890, Chap. 86, exempting property of the value of $750 from execution, to be selected by the head of the family, the wife may make such selection from property rightfully in her possession, when the husband is insane and detained in an asylum, though the greater portion of the property belongs to him.

(Opinion filed January 24, 1900.)

Appeal from circuit court, Brookings county. Hon. JULIAN BENNETT, Judge.

Action in claim and delivery by Maria Ecker against G. A. Lindskog. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Cheever & Hall,* for appellant.

*Alexander & Hooker* and *John C. Jenkins,* for respondent.

FULLER, P. J. This action in claim and delivery, to recover from the sheriff certain personal property upon which he had levied executions, and of which plaintiff, in her complaint, claims to be owner, resulted in her favor, and the defendant appeals. The value of the property seized, consisting mainly of farm horses, with their harnesses, and a wagon, together with all personal property enumerated in her schedule of ex-

emptions, does not exceed the amount allowed by law to the head of the family; and the ownership of such property, and her right to claim the same as exempt, are the only points that need be considered.

One execution is upon a judgment against respondent and her husband jointly, and the other upon a judgment against her alone; and within the time allowed by law she claimed her exemptions, by serving upon appellant a schedule of all the property belonging to both herself and husband, including that seized, and notified him of the appointment of an appraiser to act in her behalf, and an appraisement was demanded. In this verified schedule of personal property, respondent states that the same belongs to herself and husband, Joseph Ecker, and "is exempt from levy and sale on execution, and affiant hereby claims the same as exempt from levy and sale, upon the ground that the value of the same, and of the whole thereof, does not exceed the sum of seven hundred and fifty dollars; that affiant is the wife of said defendant, Joseph Ecker, and has been his wife for the period of several years past; that said Joseph Ecker has been adjudged insane by the board of insanity of said Brookings county in the year 1896, and was committed by the judge of the county court of said county of Brookings to the hospital for the insane at Yankton, in said state of South Dakota, where he is still confined." Her schedule and demand for an appraisement were wholly disregarded by appellant, and the failure to comply with the following is the only reason assigned for his refusal to have the property appraised. "To Maria Ecker: You are hereby demanded to furnish me forthwith a statement of property included in the schedule of yours, dated September 24th, 1897, served upon me

in the case of N. A. Schouweiler and M. E Schouweiler, co-partners as Schouweiler Bros., against Joseph Ecker and Maria Ecker, showing which articles of personal property you claim to belong to yourself, and which you claim to belong to Joseph Ecker separately; and also, in such statement, you inform me whether you claim you are the head of the family of Joseph Ecker." We think the ownership was sufficiently stated, together with facts justifying a reasonable inference that respondent based her exemption right upon the claim that she was the head of the family of Joseph Ecker; and it was appellant's duty to pursue statutory steps to determine whether such property, or any part thereof, was so exempt. Holdridge v. Lee, 3 S. D. 134, 52 N. W. 265; Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840. When the head of the family, rightfully in possession of personal property, claims the same as exempt, although informally, and no waiver of such claim has been made, it is the duty of the sheriff to whom the schedule has been submitted to have such property appraised, although the husband or wife of such debtor may own some interest therein. It has been held that exempt personal property, confessedly owned by the debtor's wife, but seized for his debts, may be recovered by him from the grasp of his creditors, by reason of a mere possessory right. Steen v. Hamblet, 66 Miss. 112, 5 South. 524; Braswell v. McDaniel, 74 Ga, 319. In Minnesota "a disclaimer by the debtor of any ownership of the property levied on, will not estop him from afterwards asserting and proving his title thereto as owner, when the disclaimer has not influenced the conduct of the officer, or been acted on by him or the plaintiff in the execution." McAbe v. Thompson, 27 Minn. 134, 6 N. W. 479. It is undisputed that respondent, with

her children, occupied a rented farm, and has by the use of the
property seized maintained the family during the two years of
her husband's affliction and detention in the hospital for the in-
sane; and she must, therefore in contemplation of the statute,
be regarded as the head of the family. State v. Houck (Neb.)
49 N. W. 462; Frazier v. Syas (Neb.) 4 N. W. 480. The prop-
erty claimed being exempt, the wife, under the circumstances
disclosed by the record, had the right to demand it for herself
and family; and, in the absence of any injury resulting there-
from, the fact that she claimed to be the owner, when a greater
portion thereof belonged to her insane husband, will not defeat
a recovery.

To the point that the wife is entitled to make such claim
out of her husband's property, see Noyes v. Belding, 5 S. D.
603, 59 N. W. 1069; Meyer v. Beaver, 9 S. D. 168, 68 N. W. 310.
Where exempt property is involved the controlling point in
claim and delivery is the right of possession, rather than the
right of property; and as against appellant, whose duty it was
to have an appraisement made, respondent has shown by un-
controverted evidence a right of exclusive possession of all the
property described, and she was entitled to maintain the action.
Sprague v. Clark, 41 Vt. 6; Moorman v. Quick, 20 Ind. 67; Eld-
ridge v. Sherman, 70 Mich. 266, 38 N. W. 255; Lazard v.
Wheeler, 22 Cal. 139. Judge COOLEY, in speaking for the court
in Tandler v. Saunders, 56 Mich. 142, 22 N. W. 271, says, "One
who has the right to use property at will can replevy it from
any wrongdoer,—as, for example, from a sheriff's officer who
has taken it on execution issued against another person." The
constitutional declaration is that to all heads of families a rea-
sonable amount of personal property, the kind and value of

which is to be fixed by general law, shall be exempt; and the plain intent of the law is to preserve such property, to the value of $750, for the benefit of the family, to be selected by the head of the family, or by his agent or attorney, as additional exemptions. Chapter 86, Laws 1890. Where, therefore, by reason of the insanity or other infirmity of the husband, the wife becomes the head of the family, the interest of its members in personal property rightfully in her possession, to the value of that involved in this suit, is sufficient to authorize the wife to select the same under claim of ownership, although the greater portion thereof may really belong to her husband. Crane v. Waggoner, 33 Ind. 83; Linander v. Longstaff, 7 S. D. 157; 63 N. W. 775. To effectuate the purpose of statutes enacted for the protection of families against want occasioned by the forced sale of exempt property, a liberal rule of construction should be invoked, by which the wife and mother, when the head of the family, may claim exemptions, within the statutory limitation, out of her own and her husband's property, or the separate property of either, without specific allegation as to which the different articles belong. Braswell v. McDaniel, 74 Ga. 319. The value of the use of the property during its wrongful detention was in this case the truest measure of damages, and the amount awarded was fully justified by competent evidence. Allen v. Fox, 51 N. Y. 563; Northrup v. Cross (N. D.) 51 N. W. 718.

Under the view we have taken, the rulings of the court relating to evidence admitted and excluded become immaterial, as the result could not have been different. There being no reversible error, the judgment appealed from is affirmed.