FULTZ *v.* FULTZ *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed November 20, 1943.

John P. Davis, of Tazewell, for plaintiffs in error.

J. R. Ketron, of Tazewell, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Following the filing, on the 22nd of September, 1943, in the Circuit Court of Claiborne County, of an action for divorce by E. A. Fultz, in which he sought an award to him of the custody of his four year old son, Edward, five days later this petition for *habeas corpus* was filed on September 27th, 1943, in the same Court, by the mother, defendant in the divorce suit, seeking to recover possession of this child, alleged to be in the physical possession at the time, in the absence of the father, serving in the United States Navy, of its paternal grandparents, with whom it had been left temporarily by the father. These grandparents, Cora and Birg Fultz, were the only defendants named in this petition. The trial Judge heard and granted the petition, awarding possession of the child to the petitioner, its mother. However, the trial Judge ordered that the child be allowed to remain with the defendant grandparents pending the appeal, provided the case be heard at this September term of this Court.

We have thus presented a situation without reported precedent. E. A. Fultz, the father of the child, is a native and resident of Claiborne County, Tennessee, where his parents reside. Petitioner in this *habeas corpus* proceeding resides in Portsmouth, Virginia, where she and Fultz were married in 1938. Upon being served there with a copy of the bill for divorce, she came at once to Claiborne County, and apparently ignoring the pending suit for divorce, instituted this independent *habeas corpus* proceeding for possession of the child.

In their answer to this petition, among other matters, the defendants pleaded the pendency of the divorce suit. This plea was overruled on the ground that, although custody of the child was a primary object of both proceedings, the parties were not the same.

We consider first this question. It is apparent that the named defendants in temporary physical possession of the child are the representatives and agents of its father, holding, not in their own right, but for him. Their possession is his. It is from this child's father, its natural and legal custodian, who is thus deprived of its possession and control, that the child is taken by the judgment of the trial Court and delivered to its mother. It is then the father who is the real and actual defendant, whose rights are adjudicated by this judgment.

In Gibson's Suits, in paragraph 328, treating of this plea of former suit pending, it is said that the former suit need not necessarily be between "precisely the same parties as the latter suit; it may be between their privies," citing *Moore* v. *Holt*, 3 Tenn. Ch. (Cooper), 141. And in the same note is cited *Co-operative Stores Co.* v. *United States Fidelity & Guaranty Co.*, 137 Tenn., 609, 195 S. W., 177, wherein one of the parties involved was an

330

agent of a party to one of two proceedings and this status was apparently recognized as affording a basis for this plea, although its application was rejected on other grounds. The situation is much like that where a sheriff is sued to recovèr property taken over by him under a writ. He is the agent of the execution creditor. The relationship is that of privies in estate, as was held by this Court in *Farnsworth* v. *Arnold*, 35 Tenn., 252, at page 257. And see 24 Am. & Eng. Ency. Law, 2d Ed., p. 751, citing this and other cases, under the heading "What constitutes privity?" and sub-heading "Principal & Agent."

A judgment in this *habeas corpus* case would be *res adjudicata* and binding on the father, in view of the privity existing between himself and his parent-agents made defendants. "The term privity denotes mutual . . . regulationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party is that they are identified with him in interest, and whenever this identity is found to exist, all are alike concluded." 24 Am. & Eng. Ency. Law, p. 746. And see *Hoppin* v. *Avery*, 87 Mich., 551, 49 N. W., 887; and *Bridges* v. *McAlister*, 106 Ky., 791, 51 S. W., 603, 45 L. R. A., 800, 90 Am. St. Rep., 267. The last cited opinion cites Herman on Estoppel for the view that a principal is in parity with his agent when the latter defends an action in the right of the former, and a judgment is an estoppel of the principal in the suit on the ground that he is considered the real party.

The reason on which a plea of former suit pending rests would certainly seem to extend in application to a case like this before us, where the defendants to the instant suit are the agents of the complainant in the

former suit, and an identical objective is sought. Particularly should this liberal construction of the privies be applied in cases like *habeas corpus,* where extraordinary remedies and prerogative and discretionary writs are involved. The form must be looked through to the fact. The real should be recognized behind the nominal.

The facts developed on the hearing in the absence of and practically *ex parte* as to the father, unfold an unpleasant picture of marital experiences. The child was born only five months after the marriage of the young couple, although the parentage of the child is not questioned. Later a second child was born to this wife and mother, confessed by her to have been the child of another man. Her husband appears to have forgiven and condoned this act of adultery. However, she later writes him that she loves another and desires a divorce and he learns meanwhile of her constant association with this man, under circumstances suggesting intimate relations. On a visit to his wife and child in Portsmouth, he gets the child and takes it to the home of his parents in Claiborne County and while there files the suit for divorce now pending, to which reference has been made.

Overruling, as above shown, the plea of a pending suit touching the same subject matter, the trial Judge weighed the evidence bearing on the well being of the child and ordered the child into the custody of the mother. We find nothing in this record reflecting on the character of this father, now in the United States Navy, or his parents, with whom the child is. Nor does it appear that they are unable or unwilling to support and care for it. The trial Judge appears to have been influenced by the fact that the father told the mother he would bring the child back to her.

As above indicated, we do not reach this question of which parent is best prepared or fitted to have custody of the child. That is for determination in the pending suit for divorce. Being of opinion, for the reasons hereinbefore stated, that the two suits are substantially the same as to subject matter and parties, the plea is sustained, the judgment reversed and the *habeas corpus* petition is dismissed.