## PADDOCK *et al.* v. BALGORD, Sheriff, *et al.*

1. The findings of fact by a referee will not be disturbed, if there is any substantial evidence to support them.
2. Under Section 5130, Comp. Laws, providing how a judgment debtor may claim his additional exemptions, it is not a fatal omission that the schedule made by the debtor fails to state that it includes all his personal property. The section itself contemplates the possibility of such an omission, and specifically declares the consequences, not that the schedule shall be void, but that omitted property shall not be exempt.
3. When the execution debtor, within the time limited by statute, delivers to the officer having the execution the schedule provided for in said Section 5130, it becomes the duty of the officer to see that an appraisement is made as provided in Sections 5131 and 5132; and in an action by the execution debtor against the officer for taking such property, he cannot claim in his defense that the property was not shown to be exempt because no appraisement was made.
4. The allegation or proof that the judgment upon which the execution was issued is "a judgment for labor" is not equivalent to an allegation or proof that it was a judgment for "laborer's or mechanic's wages," within the meaning of Section 5136.
5. A party invoking the protection of a proviso or exception, to avoid the effect of a general law, must show himself clearly within the terms of the exceptions.

(Syllabus by the Court. Opinion filed May 28, 1891.)

Appeal from the district court, Brookings county. Hon. JAMES SPENCER, Judge.

Action to recover the value of certain personal property levied upon by the defendant, Balgord, as sheriff of Brookings

county.   The cause was referred, and upon the report of the referee judgment was entered in favor of plaintiffs.   Defendants appeal.   Affirmed.

The facts so far as material are stated in the opinion.

*Philo Hall* and *Cady & Wright*, for appellants.

The alleged transfer of a one-half interest in the property in question to the plaintiff, Mary Paddock, was fraudulent and void as to defendants.   §§ 4656, 4657, Comp. Laws; Longly v. Daly, 1 S. D. 257; 2 Kent Com. 517; Thompson v. Loenig, 14 N. W. 168; Bank v. Bartlett, 1 N. W. 199; Aultman v. Obermeyer, 6 Neb. 264; Seitz v. Mitchell, 4 Otto 583; Wedgworth v. Wedgworth, 4 So. 149.

It was error for the court to hold that Chester Paddock's interest in the property was exempt under the statutory provisions for additional exemptions, because the schedule he delivered the day following the levy did not show it included all his personal property, and that his personal property did not exceed $1,500 in value.   §§ 5128, 5130, Comp. Laws;   Longly v. Daly, 1 S. D. 257; Thompson Home and Ex. § 879.

The report and findings of the referee failed to show that the interest of the plaintiff in the property was exempt.   This was one of the issues and a finding to the effect that his interest was exempt was necessary to sustain the judgment.   The referee having failed to find upon all the issues his report was insufficient to sustain a judgment.   § 5077 Comp. Laws.   Holt v. Van Epps, 1 Dak. 198; Dole v. Burleigh, Id. 218; Swain v. Rays, 4 Wis. 150; Patterson v. United States, 2 Wheat. 221; Garland v. Davis, 4 How. 131; Berks & Co. v. Pile, 18 Pa. St. 493; Railroad v. Evans, 53 Pa. St. 250; Mining Co. v. Hall, 3 Nev. 194; Loch v. Church, 10 Ohio St. 48;   Phillips v. Hill, 3 Tex. 397.

The plaintiff Paddock was not entitled to the additional exemptions of $1,500, as the judgment under which the levy was made was one for labor.   The fact that the form of the indebtedness was changed and embodied in a note and a judgment entered in a suit upon the note does not alter the rule. § 5136 Comp. Laws; Reed v. Umbarger, 11 Kan. 206; Reed v.

Defebaugh, 24 Pa. St. 495; Brumfield v. Palmer, 7 Black, 227; Fisher v. Johnson, 5 Ind. 492; Amory v. Reilly, 9 Id. 490; Rakestraw v. Hamilton, 14 Ia. 147; Edwards v. Edwards, 24 O. St. 402; Wells v. Morrow, 38 Ala. 125; Hadley v. Nash, 69 N. C. 162; Kern v. Hazlerigg, 11 Ind. 443; Griffin v. Camack, 36 Ala. 695.

*Truman & Mitchell* and *Matthews & Murphy*, for respondents.

While the judgment in the justice's court upon which the levy complained of was made and the note upon which the same was entered recited that they were for labor, yet there was no proof that they were for laborer's or mechanic's wages, and therefore within the meaning of Section 5136 Comp. Laws. While all work is labor and the compensation therefor wages, yet that statute was passed for the benefit of two classes only, laborers and mechanics. Birdwick v. O'Neil, 22 Cal. 504; Rorer on Jud. Sales, § 1373; Barker v. Rollins, 30 Ia. 412; Goodman v. Pierce. 32 N. W. 219.

The lower court and the referee having passed upon the issues and questions of fact in the case, and the lower court having refused to grant appellant's a new trial, the appellate court should not disturb the decision upon that question. Moline Plow Co. v. Gunter, 3 Dak. 255; Caulfield v. Bogel, Id. 337; Finney v. Railroad. Id. 270; Bates v. Calendar, Id. 269; Williams v. Railroad, Id. 168; Whiting v. Railroad, 5 Dak. 90; Gunter v. Sanches, 1 Cal. 45.

KELLAM, P. J.    On the 15th day of August, 1887, defendant Balgord, as sheriff of Brookings county, levied upon and afterwards sold one bay mare as the property of plaintiff Chester M. Paddock, upon an execution issued upon a judgment against said Paddock.    Defendant Fisher was the judgment creditor, and directed such seizure and sale.    The plaintiffs sought to recover the value of the mare, on the grounds that one undivided half of the same was the property of plaintiff Mary C. Paddock, and not liable for Chester M. Paddock's debts, and that the other undivided half interest, belonging to Chester M. Paddock, was exempt from execution.    Defendants denied that Mary C. Paddock owned

any interest in the mare, and resisted Chester M. Paddock's claim of exemption, on the ground that the judgment on which the execution was issued was a "judgment for labor," against which the mare was not exempt. So that the questions on the trial were, who owned the property, and was Chester M. Paddock's interest exempt? The case was referred to a referee to hear and determine all issues of fact, and to report his findings. The record shows no exceptions to any part of the evidence, or to any ruling of the referee; so that but little is required of us but to examine the evidence sufficiently to ascertain whether there is any substantial testimony supporting the findings to which appellants object, for no rule of practice is now more frequently asserted than that, if there is any substantial evidence sustaining the findings of the court or referee, such findings will not be disturbed, (Phillip Best Brewing Co. v. Pillsbury & Hurlbut El. Co. 5 Dak. 62, 37 N. W. Rep. 763,) and then whether such findings, if allowed to stand, justify the judgment predicated upon them.

The first assignment of error is that the referee erred in finding that Mary C. Paddock was the owner of a one-half interest in the mare in controversy. There was certainly some evidence in support of the referee's finding as to this fact, both herself and husband testifying to it positively, and explaining fully the source of her title and manner of acquiring it. Against this defendants introduced evidence tending to disprove her claim of ownership. The question of fact thus in dispute is determined by the referee in favor of plaintiff Mary C. Haddock, and we cannot disturb it.

The second and third assignments allege error upon the part of the court in holding that Chester M. Paddock's interest in the mare was exempt, under the statutory provisions for additional exemptions, for the reason that the schedule which he delivered to defendant the day following the levy did not show that it included all his personal property, as provided in Section 5130, Comp, Laws, and that his personal property did not exceed $1,500 in value. We do not think the failure of the schedule to state that it contained all the debtor's personal

property would be fatal to it, as one of the steps leading to the end in view, towit, the selection of the debtor's additional exemptions in the event of his having more than $1,500 worth of personal property. The section itself contemplates that property of the debtor may be either deliberately or inadvertently omitted without rendering the schedule void or inoperative, for it declares what the consequences of such omission shall be, towit, that "any property owned by the debtor, and not included in the schedule, shall not be exempt as aforesaid;" and it was not intended that this schedule should show the value of the articles listed, nor that their aggregate value did not exceed $1,500. That was to be determined by an appraisement, to be made under the direction of the defendant, who was the sheriff. It is found by the referee, and conceded as a fact, that no appraisement was made; but Section 5131 made it the duty of the sheriff to see that it was made. Either the debtor or the creditor failing to select an appraiser, it was incumbent on the defendant, as sheriff, to make such selection. His failure to perform his duty in that respect cannot now be made to work to his advantage.

The two remaining assignments are error of the court in rendering and refusing to vacate the judgment, based upon the report of the referee, which it is claimed entirely ignores and fails to find upon one of the vital issues in the case. Plaintiff's complaint alleged that his interest in the property taken was exempt under the statute providing for additional exemptions, and that he had done all the law required of him to establish such exemptions, towit, gave timely notice to the sheriff that he claimed the same as exempt, and delivered to him a verified schedule of his personal property. To meet this, defendants' answer averred that the judgment to collect which the property was taken was "a judgment for labor," against which it was claimed the horse would not be exempt under Section 5136, Comp. Laws. This, being new matter not relating to a counterclaim, would in general be deemed to be controverted, and thus would be raised a very material issue in the case; but we do not think the allegation that the judgment was "a judgment

for labor" is equivalent to an allegation that it was a judgment for "laborer's or mechanic's wages." We think it might be a claim for labor, and still not be a claim for "laborer's wages," within the meaning of the statute. "Labor," either as a noun or a verb, is a comprehensive word, and does not seem to carry to its derivative "laborer," as ordinarily used, its full original meaning. The architect labors upon a plan and specifications for a building, but he is not a laborer. Price v. Kirk, 90 Pa. St. 47. The traveling salesman undoubtedly labors, but he is not a "laboring man" entitled to have his wages exempt. Wildner v. Ferguson, (Minn.) 43 N. W. Rep. 794. No matter how actively or constantly a physician may exert himself in his profession, laboring day and night, he is not regarded by the very law we are now considering as a laborer, nor is his compensation "laborer's wages;" for it is therein named and provided as outside of and not included in "laborer's and mechanic's wages." Section 5136. The performance of a theatrical actor is often very hard labor, and yet the performer is not a laborer. *In re* Ho King, 8 Sawy. 438, 14 Fed. Rep. 724. In this case the opinion says: "Etymologically, a 'laborer' is any one who labors. He may labor physically or mentally; gratuitously or for reward; for himself or for another; freely or under control. However he labors, he is, in a broad sense, a 'laborer.' But that sense is never imputed, in ordinary speech, or writing, unless there is something in the context or the circumstances to imply that it is intended. A laborer, in the sense of this statute and the treaty, is one that hires himself out, or is hired out, to do physical toil." A judgment for labor is not necessarily a judgment for "laborer's wages." The labor may be of a character, as above illustrated, not intended by the law to be thus favored, or the compensation earned and claimed may not be "wages," in the sense in which that word is commonly and in this statute used. A party invoking the protection of a proviso or exception, to avoid the effect of a general law, must show himself clearly within the terms of the exception. U. S. v. Dickson, 15 Pet. 165. And so, we think, the allegation that the judgment under which

this property was taken was a "judgment for labor," would not, if proved as alleged, without more, and so found by the referee, justify the taking of this property, if it were otherwise exempt. The findings of the referee show that the plaintiff had done on his part all he was required by the law to do, in the first instance, to establish his claim to have this property exempt. He had, within the time fixed by statute, delivered to defendant a verified schedule of his personal property, including this horse, and a notice that he claimed all of such property as exempt. It then became the duty of the sheriff (defendant) to have the property thus scheduled appraised, and until that was done, and shown to exceed in the aggregate $1,500, there was no further duty upon the plaintiff. We think, upon the record before us, the plaintiffs were entitled to recover. The judgment is affirmed. All the judges concurring.