ROBERTS, Respondent, v. SHAFFER, Appellant.

(156 N. W. 67.)

(File No. 3879.   Opinion filed February 1, 1916.)

1.  **Appeals—Review—No Exceptions to Alleged Error, Effect—Waiver.**

     Where no exceptions were taken to alleged errors assigned and based upon rulings and conduct of the court during the trial, the errors, if any, were waived.

2.  **Conversion—Conversion by Sheriff—Exemptions, Failure to Appraise—Actual Damages—Sufficiency of Evidence.**

     Where a judgment debtor, head of a family, duly claimed exemptions pursuant to statute, the amount of the sheriff's levy being much less than $750.00, and was covered by the exemption claim, held, that the failure of the sheriff, for nearly two months after service of claim of exemptions, to appraise the property contained in the debtor's schedule, was an unreasonable delay; that it is incumbent on the sheriff to take prompt action to have the property appraised, after claim of exemptions, to the end that the exemptions may be set apart and the officer may know what, if any, property is subject to levy; and, no question of headship of family being involved, the debtor was entitled to return of the money collected by the levies, as actual damages, regardless of whether debtor had property, on the whole, exceeding $750.00 in value.

3.  **Damages—Conversion—"Exemplary Damages," Recovery of "Actual Damages" as Basis of Necessity—Directed Verdict, Effect.**

     A recovery in conversion is a recovery of "damages," whether the verdict be directed or not; and a court may include a fixed amount as interest in a directed verdict, there being no question as to length of time interest should run.   So held, where a sheriff held moneys received under execution levy, and delayed in having appraisement made under an exemption claim until after he was sued for conversion of the money.

4.  **Appeals—Assignment of Errors—Insufficient Specifications.**

     Where an assignment of error, based upon insufficiency of evidence, stated that the evidence was "insufficient to sustain the verdict and that the verdict was obtained through preju-

dicial conduct of the court and through prejudice against the defendant on account of the admission of testimony as set out in detail in the ninth paragraph of the first specification of error," **held,** the specification is insufficient in wholly failing to point out wherein the evidence is insufficient; and, no exceptions having been saved to the alleged prejudicial conduct and alleged errors in admission of evidence, the evidence was all properly before the jury.

5.  **Damages—Punitive Damages—Right to Recover from Sheriff—Disregard of Debtor's Rights—Insufficiency of Evidence.**

When the rights of a judgment debtor, who has duly claimed exemptions under a levy, are absolute and clear, and the creditor or the officer sees fit to wilfully disregard such rights and attempts to override and destroy the same, he cannot be heard to complain when a jury punishes his act by imposition of punitive damages.

Appeal from the Municipal Court of Aberdeen. Hon. GEORGE W. CRANE, Judge.

Action by G. W. Roberts, against J. S. Shaffer, for conversion. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Max Stokes,* and *Fred G. Huntington,* for Appellant.

*Frank McNulty,* for Respondent.

(2) To point two of the opinion, Appellant cited: Blount v. Medbury, 16 S. D. 562, 94 N. W. 428; Gilwicz v. Golberg, 74 N. Y. S. 984, 69 App. Div. 438; Griffin v. Sutherland, 14 Barb. 456; Porch v. Arkansas Milling Co., 45 S. W. 51, 65 Ark. 40, 67 Am. St. Rep. 895.

Respondent cited: Paddock v. Balgord, 48 N. W. (S. D.) 840; Linander v. Langstaff, 7 S. D. 158; Millerke v. Reilley, 141 N. W. (S. D.) 136; Nelson v. Olum, 21 S. D. 541, 114 N. W. 691.

(3) To point three of the opinion, Appellant cited: Hoagland v. Forest Park Highlands Amusement Co., 70 S. W. 878, 170 Mo. 335, 94 Am. St. Rep. 740; Smith v. Dye, 51 S. W. 858; Rogers v. O'Barr & Dinwiddle, 76 S. W. 593; Boardman v. Marshalltown Grocery Co., 75 N. W. 343, 105 Iowa, 445; Galivan v. Tibbs, Hutchins & Co., (N. D.) 119 N. W. 39; Malin & Browder v. McCutcheon, 76 S. W. 586, 33 Tex. Civ. App. 387; Stonestreet v. Crandell, 62 Pac. 249, 10 Kans. App. 575; Dickinson v. Atkins, 100 Ill. App. 401; Southern Pac. Co. v. Arnett, 126 Fed. 75, 61 C. C. A. 131; Brent v. Thornton, 106 Fed. 35,

45 C. C. A. 214; Feller v. McKillip, 81 S. W. 641, 109 Mo. App. 61; Jamieson v. New York & R. B., 57 N. E. 1113, 162 N. Y. 630.

Respondent cited: Matteson v. Munroe, 83 N. W. (Minn.) 153; Lynd v. Pickett, 7 Minn. 184; Cronfeldt v. Arrol, 50 Minn. 327, 52 N. W. 857; Bender v. Bame, 59 N. W. (Neb.) 105; State v. Gardner, 73 Pac. (Wash.) 690; American Paper Company v. Sullivan, 7 Pac. (Wash.) 991.

WHITING, J.   S., as sheriff, having in his hands an execution issued on a money judgment against R., on October 10th levied on certain debts owing by various parties to R., and received from such parties the amounts due thereon; the same being less than $750. On October 14th R. served upon S. a claim of exemptions, claiming the exemptions allowed to the head of a family by section 346, C. C. P. This claim of exemptions was made in accordance with the provisions of section 355, C. C. P.; it set forth that claimant was the head of a family and a resident of the state; it had attached, as a part thereof, what purported to be a schedule of all of R.'s property; it claimed as exempt all of the property described in said schedule, and "in particular * * * the property which you have levied upon [describing same]"; and it named the person selected by R., under section 356, C. C. P., to act as one of the appraisers for appraising R.'s property. S. took no steps to have R.'s property appraised, and failed to release his levy, but on October 19th levied on additional property, the same being property described in the schedule. On November 6th R. brought this action against S. to recover the amount of the debts levied upon and collected by S. and to recover punitive damages. Trial was had to court and jury, but, when both parties had rested, the plaintiff moved for a directed verdict for actual damages, and moved that the question of his right to, and the amount of, punitive damages be submitted to the jury; and defendant moved for a directed verdict on all the issues. The court granted plaintiff's motion, and the jury brought in a verdict for actual damages in the sum named by the court, and also a verdict for a certain amount as exemplary damages. From such judgment and an order denying a new trial, this appeal was taken.

[1] Appellant has assigned numerous errors based upon the

rulings and conduct of the court during the trial; but, as no exceptions were saved thereto, the errors, if any, were waived.

[2] Appellant contends that the evidence was insufficient to warrant the verdict for actual damages. It appears that appellant never took any steps to have respondent's property appraised until in December, nearly a month after this action was started. Such delay was unreasonable. Upon claim of exemption being made, it is incumbent upon the officer levying to take prompt action and have the property appraised to the end that the judgment debtor's exemptions can be set apart and the officer may know what, if any, property is subject to levy. In this case, inasmuch as the property levied upon was much less than $750 in amount and was specifically claimed as exempt by the debtor, and inasmuch as there was no issue raised as to the debtor being the head of a family and entitled to $750 exemptions, the debtor was absolutely entitled to the return of the money collected, and this regardless of whether he had property which, in the whole, exceeded $750 in value. There was absolutely no justification for appellant's holding the proceeds of this levy after such claim of exemptions was served on him. The above is fully supported by the following authorities: Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840; Nelson v. Oium, 21 S. D. 541, 114 N. W. 691; Millerke v. Reiley, 31 S. D. 342, 141 N. W. 136; State v. Gardner, 32 Was. 550, 73 Pac. 690, 98 Am. St. Rep. 858.

[3] Appellant claims that exemplary damages could not properly be imposed because "exemplary damages cannot be recovered in any case where there is no actual damages." He seems to be of the view that the exemplary damages were based upon the second levy made on October 19th, and that, inasmuch as all claim for actual damages growing out of that levy was withdrawn, any claim for exemplary damages fell with it. The exemplary damages rest upon the levy made on October 10th. No exceptions appear to have been taken to any instructions, and we must presume that the court fully and correctly instructed the jury on the question of exemplary damages. Appellant seems to be of the view that, because the court took from the jury the question of actual damages, the verdict, which purported to be for "actual damages," was not for damages at all, and therefore there were no "actual damages" upon which a verdict for "ex-

emplary damages" could rest. We confess our inability to discover any sound basis in law or logic for appellant's contention. He says:

"Plaintiff may contend that 'actual damages' in this case consists of the moneys retained by the sheriff and which were included in the verdict of the jury made by direction of the court. It will be observed that the court took from the jury the question of damages on that cause of action, and ordered a verdict for the amount of money and interest. On the theory that this cause of action was stated in conversion, judgment might be directed possibly, but, having fixed the interest as well as the amount, the direction became conclusive as to the total amount recoverable. If plaintiff contends that the judgment was directed as damages, the verdict cannot be sustained for the reason that in cases of damages, the question of interest is always for the jury. This is an elementary proposition."

A recovery in conversion is a recovery of "damages" whether the verdict be directed or not. We can see no reason why a court cannot include a fixed amount as interest in a directed verdict, when there is no question as to length of time interest should run. In this case the court directed the jury to allow interest at 7 per cent. from the date of exemption claim. No exception was taken to this particular direction.

[4] Appellant assigns the insufficiency of the evidence to support a verdict for exemplary damages. The specification of error forming a part of the settled record, being the only specification upon which such assignment could be based, is as follows:

"The defendant submits. that the evidence was wholly insufficient to sustain the verdict, and that the verdict was obtained through prejudicial conduct of the court and through prejudice against the defendant on account of the admission of testimony as set out in detail in the ninth paragraph of the first specification of error."

This specification is insufficient, in that it wholly fails to point out wherein the evidence is insufficient to support the verdict; and, no exceptions having been saved to the alleged prejudicial conduct and alleged errors in admission of evidence, the evidence was all properly before the jury.

Appellant has taken occasion, in his brief, to thus address this court:

"We also desire to urge upon the court the necessity of giving a judgment creditor a fair deal as well as a judgment debtor. A judgment debtor is not honest merely because he is poor. A judgment debtor usually feels that the sympathy of the courts is apt to be with him because of his position. Granting that the exemption laws should be liberally construed, it furnishes, however, no excuse for an attempt to defeat the judgment creditor by devious devices, nor does it furnish any excuse for libeling an officer of the court for doing his duty."

We are not aware that courts fail to give creditors a fair deal, and we certainly agree that they are entitled to it. Upon the other hand, we would suggest that the weapons which the law furnishes to the creditor with which to enforce his rights are intended solely for the enforcement of rights and never as a weapon with which to deprive another of his rights; and when, as in this case, the rights of a debtor become absolute and clear, it does not behoove the creditor, or an officer acting for him, to disregard such rights and attempt by unlawful means, to deprive him thereoff; and, if such creditor or officer sees fit to willfully disregard such rights and attempts to override and destroy the same, he cannot be heard to complain when a jury of his peers punishes his act by the imposition of punitive damages.

The judgment and order appealed from are affirmed.