---

HOWLIN, Respondent, v. FISH, Impleaded etc., et al (FISH, Appellant).

(189 N. W. 522.)

(File No. 5094.    Opinion filed August 5, 1922.)

1.  **Appeals—Employment Laborer's Wages, Question Not Raised on Motion for New Trial, Whether Reversible on Appeal from Judgment.**

    In a suit to recover for wages by one employed as saleslady in a music store, held on appeal from the judgment alone, that the question whether a judgment for laborer's wages was proper is reviewable notwithstanding the question was not raised on motion for new trial.

2.  **Same—Wages as Music Store Saleslady, Whether Laborer's Wages—Statute.**

    Wages earned by a saleslady in a music store are not laborer's wages within meaning of the exemptions statute; following Paddock v. Bolgard, 2 S. D. 100.

3.  **Employment—Patnership Employment, Suit for Wages—Plaintiff's Husband a Partner, Whether Contract Violative of Con-**

fidential Relations Between Husband and Wife—Contract Not Void but Carefully Scrutinized—Findings Sustained.

A contract of employment between plaintiff and defendant partnership, plaintiff's husband being one of the partners, is not void as violating confidential partnership relations between plaintiff's husband and himself; but trial court should carefully scrutinize testimony establishing such contract; and, held, the evidence does not preponderate against findings for plaintiff.

4. Employment—Suit for Wages—Whether Plaintiff Had Withdrawn Employers' Funds Beyond Earnings—Findings Sustained.

In a suit against a partnership for wages, evidence held not to preponderate against findings for plaintiff.

Smith, and Anderson, JJ., not sitting.

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

Action by Olive A. Howlin, against G. L. Fish, impleaded with C. R. Howlin, co-partners, doing business under the firm name and style of the Sioux Falls Piano Company, a corporation, and Adam Royhl, as receiver of the same, to recover for wages under an alleged employment by defendant partnership. From a judgment for plaintiff for laborer's wages, and from an order denying a new trial, defendant Fish appeals. Affirmed, except that judgment is modified by striking out the clause for "laborer's wages."

*Waggoner & Stordahl,* for Appellant.
*Boyce, Warren & Fairbank,* for Respondents.

(3) To point three of the opinion, Appellant cited: Smith v. Courant, 23 N. D. 297, 136 N. W. 781; Fillus v. Greenfield (S. D.), 164 N. W. 63.

GATES, P. J. Action for wages by plaintiff, who claimed to have been employed as saleslady in a music store operated by a partnership consisting of defendant Fish and plaintiff's husband. In another action, brought by Fish for an accounting and dissolution of the partnership, a receiver was appointed. The receiver was made a defendant herein. Plaintiff claimed to have been employed from October 1, 1918, until February 1, 1921, at the salary of $40 per month for the earlier part of the period, at $60 for the last month, and at $50 per month during the inter-

vening time. The answer denied the employment, and alleged that the only work ever performed by plaintiff was work which should have been performed by her husband under the partnership agreement, and with the understanding that she was only performing a part of the duties which her husband had agreed to perform. Findings of fact, conclusions of law, and judgment were entered, favorable to plaintiff, adjudging to her the sum of $1,104.50 for laborer's wages. Defendant Fish appeals.

[1, 2] One of appellant's assignments of error challenges the correctness of the judgment in so far as it was a judgment for laborer's wages. Respondent contends that this question cannot be raised now, because it was not raised on the motion for new trial. We think the question would be presented upon an appeal from the judgment alone, even if there had been no motion for new trial. It appears to us that wages earned by a saleslady in a music store are not laborer's wages, within the meaning of the exemption statutes. Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840. The judgment will be modified, by striking out the clause "for laborer's wages."

[3] Appellant further claims that the contract of employment, if any, was a violation of the confidential partnership relations existing between plaintiff's husband and himself, in that the contract of employment was made between husband and wife. No doubt the trial court should carefully scrutinize the testimony establishing a contract of employment in such a case, but to say that such a contract is void would be an undue extension of the principle involved. From a careful consideration of the evidence in regard to the employment we are unable to say that the clear preponderance of it is against the findings of the trial court.

[4] As to the remaining point, that plaintiff had withdrawn from the firm funds more than was due her, we can only repeat what we last said, viz., that the clear preponderance of the evidence is not contrary to the finding of the trial court.

The judgment and order appealed from must therefore be affirmed, except as to the modification hereinbefore noted. No costs will be taxed in this court.

SMITH, and ANDERSON, JJ., not sitting.