HARPER, Respondent, v. RUNDLETT, Appellant.

(210 N. W. 743.)

(File No. 5747.   Opinion filed November 15, 1926.)

1.   Exemptions—Garnishment.

Application by wife of defendant for exemption and release of property garnished, made 18 days after service of garnishee summons on ground that principal defendant had failed to make claim, held timely.

2.   Exemptions.

In action for services rendered defendant in capacity of assistant in clinical laboratory and office attendant, defendant's property garnished is subject to his claim of exemption as head of family.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Exemptions, Key-No. 119(1), 25 C. J. Sec. 239 (Anno); (2) Exemptions, Key-No. 71, 25 C. J. Sec. 179 (Anno).

Appeal from Municipal Court of Sioux Falls; Hon. Ransom L. Gibbs, Judge.

*Robert F. Riemer*, of Sioux Falls, for Appellant.

MORIARTY, C.   This is an appeal from an order denying a claim for exemptions.   A garnishee defendant made a disclosure showing the sum of $311 due from said garnishee defendant to the principal defendant.

[1] Eighteen days after the service of the garnishee summons, the wife of the principal defendant made a claim of exemptions and asked for the release of the property in the hands of the garnishee defendant.   The claim was made on the ground that the principal defendant had failed and neglected to claim exemptions.   Under the previous holdings of this court, the application was timely.

The claim was denied by the trial court, and in its order denying the motion to release the property the court used the following language:

"It is hereby ordered that the motion of the defendant, David L. Rundlett, and his wife, Lydia M. Rundlett, be in all things

denied, for the reason that the plaintiff's cause of action is based upon an account for a laborer's wages, and by reason thereof the property covered by the garnishment herein is not exempt to the defendant, as the head of a family, as additional exemptions under the laws of the state of South Dakota."

[2] The complaint alleges that the amount sued for is due the plaintiff for services rendered to the defendant, "in the capacity of assistant in the clinical laboratory, and office attendant," at a salary of $25 per week.

In the case of O'Leary c. Croghan, 42 S. D. 210, 173 N. W. 844, 6 A. L. R. 1134, this court held that section 2668, Revised Code of 1919, is unconstitutional. This is the section which provides for the allowance of only absolute exemptions as against claims for laborer's wages, physicians' bills, etc. And in the later case of Howlin v. Fish, 45 S. D. 567, 189 N. W. 522, this court held that the compensation of a saleslady in a music store does not come within the contemplation of the term "laborer's wages." This latter holding is based upon the decision in Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840. And in the Paddock Case this court cites with approval this language of a federal court:

"A laborer, in the sense of this statute and the treaty, is one that hires himself out, or is hired out, to do physical toil."

Whether considered from the standpoint of the constitutionality of the law as decided in O'Leary v. Croghan, supra, or from the standpoint of the character of the services, as decided in Howlin v. Fish, supra, the order of the trial court is erroneous.

The order appealed from is reversed.

DILLON, J., not sitting.