SHRIVER-JOHNSON COMPANY, Respondent, v. HARGRAVES, Appellant.

(223 N. W. 315.)

(File No. 5897. Opinion filed January 26, 1929.)

For former opinion, see 220 N. W. 148.

*Parliman & Parliman,* of Sioux Falls, for Appellants.
*Owen & Hareid,* of Sioux Falls, for Respondent.

MORIARTY, C. This matter is now before the court upon a rehearing. The original opinion herein will be found in 220 N. W. at page 148.

In their petition for rehearing, counsel present the sole contention that this court, in the case of Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840, held that the statute providing for the claiming of additional exemptions does not require a statement that the schedule of property served upon the levying officer is a schedule of all the debtor's personal property. And counsel say that this holding in the Paddock Case has been frequently cited as authority by this court, has been generally followed by the bar of the state, and has become a law of property to which the rule of stare decisis should apply.

In support of this contention counsel quote from the opinion in Paddock v. Balgord, supra, the following language: "We do not think the failure of the schedule to state that it contained all the debtor's personal property would be fatal to it, as one of the steps leading to the end in view, to-wit, the selection of the debtor's additional exemptions in the event of his having more than $1500 worth of personal property."

As it does not appear from the language quoted just what the court was attempting to decide by said language, we have examined the original abstracts and briefs which were before this court in that case.

The abstract shows that, on the day after the levy was made, the debtor, Paddock, served upon the levying officer a paper headed: "A schedule of property belonging to Chester M. Paddock." This heading was followed by a list of items of personal property, and this list was followed by a verification in which Paddock states under oath "that the above is a true and correct statement and schedule of my personal property."

The referee who took the evidence in the case made a finding that the schedule so verified was served upon the levying officer the day after the levy was made, and that said officer neither surrendered the property nor proceeded to have it appraised as provided by law.

The trial court adopted these findings of the referee and entered judgment for Paddock on the theory that the schedule was a substantial compliance with the statute.

No question of any property being omitted from the schedule was before the court. The sole question on the point of the sufficiency of the schedule was whether the statement that the schedule was "a true and correct statement and schedule of my personal property" was fatally defective because the verification did not say a true and correct statement and schedule of *all* my personal property. Anything said in the opinion upon the sufficiency of the schedule, except what was necessary to decide the effect of the omission of the word *all* from the verification, may be considered mere dictum.

The real holding of this court was that the omission of the word *all* from the verification was not fatal to the claim. And from that holding we are not inclined to depart.

But no such question is presented in the instant case. The demand for the release of the property, as served in this case, made no allegation that the list of items of personal property was a correct and true statement and schedule of the debtor's personal property. It was a simple statement that the debtor owns the following property and claims it exempt. A statement in that language might be truthfully made, regardless of how much other property the debtor might own.

But petitioner's counsel quote from the opinion in the Paddock Case this further language: "The section itself contemplates that property of the debtor may be either deliberately or inadvertently

omitted without rendering the schedule void or inoperative, for it declares what the consequences of such omission shall be, to-wit, that 'any property owned by the debtor, and not included in the schedule, shall not be exempt as aforesaid.' "

It is true, as there stated, that the statute provides what the consequences of property being omitted shall be, in so far as the omission affects the property omitted, but that cannot be construed to mean that such penalty is the only penalty to be applied where a debtor fraudulently and "deliberately" omits property from a schedule which the law required that he must verify by oath.

The statute involved (section 2662, Revised Code of 1919) is perfectly explicit in requiring that the debtor who desires to avail himself of additional exemptions shall make a schedule of all his personal property and that this schedule shall be verified by the oath of the debtor, his agent or attorney. And it is clear that the only purpose of requiring that the schedule must be verified is to put the one who makes the verification upon his oath, that the schedule is a complete schedule of the debtor's personal property. Without a substantial compliance with this requirement the levying officer would not be justified in surrendering the property claimed, or in proceeding with an appraisement thereof.

As to counsel's statement that this court has frequently cited the decision in the Paddock Case as authority for holding that it is not necessary that the schedule required by the statute shall be verified as a schedule of all of the debtor's personal property, a somewhat diligent search has not enabled us to find a single instance in which that decision has been so cited by this court. Petitioners' counsel cite as so holding Drake Marble & Tile Co. v. Bjoraas, 38 S. D. 88, 160 N. W. 725, and Ecker v. Lindskog, 12 S. D. 428, 81 N. W. 905, 48 L. R. A. 155. But even a casual reading of these opinions will show that they do not so hold, and that no such question was involved in either of those cases.

In the Bjoraas Case, the opinion shows that the affidavit claiming exemptions recited, among other things, "that the following is a schedule of all my personal property, including money on hand, and debts due and owing me."

And in Ecker v. Lindskog, supra, the opinion says: "One exception is upon a judgment against respondent and her husband jointly, and the other upon a judgment against her alone; and with-

in the time allowed by law she claimed her exemptions, by serving upon appellant a schedule of all the" personal "property belonging to both herself and husband."

In the Bjoraas Case, the question was not a failure to state that the schedule was a complete one, but, as we attempted to make clear in our original opinion herein, the result of a failure to make it actually include all the property.

In the Ecker Case, the question was whether the schedule must show which items of property were owned by the husband and which by the wife.

It was upon these points, and not upon the point contended for by counsel, that this court cited the Paddock Case.

As to counsel's statement that the bench and bar of the state have understood the decision in the Paddock Case as establishing a law of property to the effect that the schedule served in these cases need not purport to show all of the debtor's personal property, we find nothing to support such statement. Besides the explicit wording of the statute and the fact that the two cases cited by counsel show that the requirement of the statute was recognized by those preparing the schedules in those cases, we have these further facts:

In Longley v. Daly, 1 S. D. 257, 46 N. W. 247, the court says that the exemptions there claimed come under the head of additional exemptions and that a debtor who "desires to avail himself of the benefit of" such exemptions "must make a schedule of all of his personal property," and that said schedule shall be subscribed and sworn to by the debtor, his agent or attorney. It will be noted that in this decision the court construes the word *shall* used in the statute as the equivalent of the mandatory word *must*.

In Millerke v. Reiley, 31 S. D. 342, 141 N. W. 136, the court also plainly calls attention to the fact that the schedule must be verified as a schedule of all the debtor's personal property, and that, "when once the verified schedule, mentioned in section 355 [Rev. Civ. Code] accompanied by a demand for an appraisement, and that the debtor's exempt property be set off to him have been delivered to the sheriff, it is his duty to cause the appraisement to be made; and that, too, before he takes any further steps under his writ."

The following decisions also show that in each case there was a substantial compliance with the statutory requirement: Holdridge v. Lee, 3 S. D. 134, 52 N. W. 265; Swenson v. Christoferson, 10 S. D. 188, 72 N. W. 459, 66 Am. St. Rep. 712; Lindander v. Longstaff, 7 S. D. 157, 63 N. W. 775; Plano Mfg. Co. v. Thompson, 21 S. D. 300, 112 N. W. 149, 11 L. R. A. (N. S.) 396, 130 Am. St. Rep. 722; Roberts v. Shaffer, 36 S. D. 551, 156 N. W. 67.

█ It does not appear that the opinion in Paddock v. Balgord, supra, has been construed or recognized as establishing any rule, or any law of property, such as is contended for by petitioner's counsel. And, in view of the plain wording of the statute involved, and the many decisions in which compliance with the statute is defined, we believe that, even if the Paddock decision had actually passed upon the point contended for in the instant case, the rule of stare decisis should not be applied to such holding, as to do so would be to ignore the plain provisions of the statute and the numerous decisions in which this court has called attention to such provisions. And this court is now of the opinion that to allow a debtor to claim property as his additional exemptions without requiring him to make a sworn statement as to what personal property he owns would be to open the door to fraud, and less injury would result from overruling any such decision than from following it. McEvoy v. City of Sault Ste. Marie, 136 Mich. 172, 98 N. W. 1006; City of Wahoo v. Nethaway, 73 Neb. 54, 102 N. W. 86; Brekke v. Crew, 43 S. D. 106, 178 N. W. 146; Truxton v. Fait & Slagle Co., 1 Pennewill (Del.) 483, 42 A. 431, 73 Am. St. Rep. 81.

In the notes to the case last above cited, as found in the American State Reports, at pages 98 to 106, will be found a very full discussion of the limitations which the courts have placed upon the doctrine of stare decisis.

We are satisfied that the case now before this court was correctly disposed of in the original opinion herein. Said opinion is adhered to, and the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BROWN, JJ., concur.

CAMPBELL, J., dissents.

BURCH, J., not participating.

CAMPBELL, J. (dissenting). I do not think the present holding can be fairly reconciled with the language of this court in Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840. It was overlooked in the former opinion herein. That decision having stood as the law since 1891 and appellant having relied thereon, I do not think it should be overruled under the circumstances of this case. I believe, therefore, that the judgment and order appealed from should be reversed.