Darrell L. JOHNSON, d/b/a Darrell's Auto Body, and Patricia Ann Johnson, Plaintiffs and Appellees,

v.

KIRKWOOD, INC., d/b/a Van Buskirk Construction Company, Defendant and Appellant.

No. 13087.

Supreme Court of South Dakota.

Argued Nov. 20, 1980.

Decided June 3, 1981.

Acie W. Matthews of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for plaintiffs and appellees.

Richard W. Sabers of Dana, Golden, Moore & Rasmussen, Sioux Falls, for defendant and appellant; Steven W. Sanford of Cadwell, Brende & Sanford, Sioux Falls, on the brief.

MORGAN, Justice.

A Minnehaha County jury found for plaintiffs-appellees Darrell L. and Patricia Ann Johnson (appellees), in their suit for compensatory damages related to construction of an addition onto an already existing building. The jury also awarded appellees exemplary damages. The trial court denied defendant-appellant Kirkwood Inc.'s (appellant) motion for judgment n. o. v., or in the

alternative, a new trial. Appellant appealed from that judgment. We affirm in part, reverse in part, and modify.

Appellees are the owners of real estate that is situated in Minnehaha County, South Dakota. On that land they have a building which they rent to Robert Polzen (Polzen), who operates his business from the building. During the summer of 1977 appellees decided to construct an addition, basically a warehouse made out of steel, onto the building.

Appellees contracted with appellant for the materials for the addition. They purchased the insulation and the steel structure for the addition from appellant and paid for those goods when they arrived.

Appellees made arrangements with Larry Jorgenson (Jorgenson) to erect the addition, and with Dennis Dale (Dale) to do the cement work. As it turned out, however, Dale was far behind in his work and was unable to do the cement work when appellees wanted it done, so appellant agreed to do the cement work for the same amount that Dale had bid.

In doing the cement work, appellant dug a trench and poured the footings and foundation wall. Jorgenson then began erecting the steel addition. Before the addition was enclosed, however, a snowstorm hit the area. The cold weather caused the ground to freeze, so that prior to appellant's being able to pour the cement for the floor, the ground had to be thawed. Since the addition was not yet completed, appellant erected a temporary door of two-by-fours and plastic over the opening in order to keep in the warmth to thaw the ground. Four oil burning heaters were used to accomplish the thawing.

After a few days smoke had noticeably accumulated on the outside of the addition. Appellant ran the heaters for an entire week, and the concrete for the floor was eventually poured. After the floor was finished and appellees were able to get inside the addition, they noticed that the interior walls were also covered with smoke. The insulation, which should have been white, was slightly burned and black from the soot and smoke. The steel beams were also black.

As it turned out, the exterior panels were also a different color from the color ordered. Apparently the manufacturer no longer made them in the color ordered, which was the color of the original building. Appellees, however, were unaware of this fact until the panels were already up and noticeably a different color.

The last day that appellant worked on the addition was January 11, 1978. Appellees still owed appellant $5,995.00, which they withheld because of the smoke damage to the addition and because of appellant's failure to construct a retaining wall. Appellant attempted to settle with appellees, but was unable to do so. On or about April 13, 1978, appellant timely filed a mechanic's lien on the property. Later, appellees noticed cracking in the concrete floor.

Polzen finally moved into a portion of the addition at a rental rate lower than that which he originally agreed to pay, due to the damage to the addition and the fact that appellees did not have all of the work completed.

Appellees filed a complaint against appellant claiming that (1) appellant negligently placed the oil heaters in the addition and caused the smoke damage to result; (2) appellant failed to complete the contract in that it did not construct the retaining wall; (3) appellant failed to obtain exterior walls in the proper color; and (4) appellant willfully and maliciously caused a cloud on appellees' title by filing the mechanic's lien. Appellees also asked for exemplary damages and that the mechanic's lien be found void and of no force or effect. Appellant answered and counterclaimed for the remaining money due, plus interest, and for foreclosure of the mechanic's lien.

Following bifurcation of the trial, the parties tried all of appellees' issues to a jury. After both sides had presented substantial amounts of testimony and evidence, the jury returned a verdict in favor of appellees as follows: $17,150 on their first cause of action; nothing on their second

cause of action; $3,000 on their third cause of action; and $7,000 compensatory and $3,000 exemplary damages on their fourth cause of action.

Appellant moved for a judgment n. o. v., or in the alternative, for a new trial, but the trial court denied the motion. The trial court did, however, allow a setoff of $5,995 and $644.41 interest, the amount appellant claimed in its statement of claim (See SDCL 44–9–15) and prayed for in its counterclaim.

The parties then stipulated that the mechanic's lien would be released and discharged without either party waiving any rights or claims against the other party. Appellant appealed from the judgment, but appellees did not file a notice of review.

Appellant concedes that the jury verdict relating to liability for the smoke damage should not be disturbed. It argues, however, that the amount awarded by the jury was excessive and against the total weight of the evidence.

■ "Where the evidence is conflicting ... and reasonable men might draw different conclusions therefrom, the Supreme Court on appeal will not disturb the verdict of the jury based upon such evidence or the trial court's order denying motion for new trial on the ground of insufficiency of the evidence." *Jamestown Plumb. & Heating Co. v. City of Jamestown,* 189 N.W.2d 656, 659 (N.D.1971). What is important is that the verdict on liability be supported by credible evidence; if it is, then the reviewing court must affirm. *Otterness v. Horsley,* 263 N.W.2d 403 (Minn.1978). See also *Builders Supply Co., Inc. v. Carr,* 276 N.W.2d 252 (S.D.1979).

The jury verdict was broken down into amounts as to each cause of action, but was not further broken down into amounts as to smoke damage, negligent cement floor construction, and loss of income.

■ Regarding the damages in the first cause of action, appellant presented testimony that the cost to merely cover up the discoloration would be $2,000 at the most, while appellees presented testimony that the cost to properly restore the addition would be $8,675. There is substantial and credible evidence in the record to support the latter amount.

Appellees also proved loss of rent profits in the amount of $2,400. Polzen would have paid a higher rental rate had the addition been properly finished. Because it was not, he was unable to occupy it as originally planned. Again, there is substantial and credible evidence in the record to prove that loss.

Appellant additionally argues that appellees failed to present sufficient evidence to support the jury's verdict that appellant was liable for damages to the concrete floor. Appellees presented testimony through an expert witness as to the concrete damages. The amount testified to was $9,400. There is also substantial and credible evidence in the record to show that appellant was liable for the defective concrete work.

The evidence proven by appellees as to their damages on their first cause of action was as follows:

| | |
|---|---:|
| Fill | $ 64.00 |
| Steel dismantling and erection | 2,975.00 |
| Sandblasting and painting | 2,000.00 |
| Cleaning of panels | 1,248.00 |
| Insulation | 2,255.00 |
| Loss of rent | 2,400.00 |
| Concrete floor damages | 9,400.00 |
| | $20,342.00 |

The jury awarded appellees $17,150 on their first cause of action; the amount was not broken down as to what amount of the verdict was allocated to which particular damage, but the total amount awarded was less than the aggregate amount supported by the evidence. We affirm the judgment as to these damages.

■ In regard to appellees' third cause of action for appellant's alleged failure to obtain exterior walls in the proper color, the jury awarded appellees damages in the amount of $3,000. After a careful review of the record, we fail to find any evidence in support of this $3,000 award. Although there was testimony that the new panels were not the same color as the old panels and that such difference in color had a

detrimental affect on the value of the building, there was no evidence presented as to the cost of replacement or installation. The record, however, does reflect an agreement that appellant was to supply new panels in the new color, apparently at the manufacturer's expense. We therefore reverse as to these damages.

 Appellant alleges that the jury verdict on the fourth cause of action, relating to slander of title and exemplary damages, was unsupported by substantial evidence and incorrect as a matter of law. Appellant contends that there was no evidence of malice toward or intentional injury to appellees by the filing of the mechanic's lien. It argues, therefore, that the jury's finding of slander of title was "totally unjustifiable and against the law." We agree.

SDCL 44–9–7 provides:

All such liens as against the owner of the property shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement, and shall be preferred to any mortgage or other encumbrance not then of record, unless the lien holder had actual notice thereof.

SDCL 44–9–15 provides:

The lien shall cease at the end of one hundred twenty days after doing the last of such work, or furnishing the last item of such skill, services, material, or machinery, unless within such period a statement of the claim therefor be filed with the register of deeds of the county in which the improved premises are situated, or of the county to which such county is attached for judicial purposes, or if the claim be under the provisions of subdivision (2) of § 44–9–1, with the secretary of state.

The lien, therefore, statutorily attached when appellant began construction of the addition. When appellant filed its statement of the claim, it did so only to protect its investment in appellees' building. The fact that the trial court entered judgment on appellant's counterclaim in the amount claimed in its statement, which was filed

under the lien statute, belies any suggestion that the lien was improper. There is no substantial or credible evidence in support of this portion of the jury's verdict. We therefore reverse the jury's award of $7,000 for damages for slander of title. We also reverse the award of $3,000 for exemplary damages, which are not allowed absent an award for compensatory damages. *Riebe v. Riebe*, 252 N.W.2d 175 (N.D.1977); *Roberts v. Shaffer*, 36 S.D. 551, 156 N.W. 67 (1916).

We have examined appellant's other contentions and find them to be without merit.

Accordingly, we affirm the jury's award of $17,150 on appellees' first cause of action; reverse the jury's awards of $3,000 on appellees' third cause of action and $7,000 compensatory damages and $3,000 exemplary damages on their fourth cause of action; and therefore modify the judgment by reducing it in the sum of $13,000.

All the Justices concur.