2000 SD 4

**Lois F. HENRY, Plaintiff and Appellee,**

v.

**Harold L. HENRY, Defendant and Appellant.**

**No. 20779.**

Supreme Court of South Dakota.

Considered on Briefs April 26, 1999.

Decided Jan. 12, 2000.

Stephanie E. Pochop of Johnson, Eklund, Nicholson, Peterson & Fox, Gregory, for plaintiff and appellee.

William D. Gerdes of Gellhaus, Gerdes & Gellhaus, Aberdeen, for defendant and appellant.

KONENKAMP, Justice.

[¶ 1.] In this case, an action for intentional infliction of emotional distress, the jury returned a verdict awarding the plaintiff punitive damages but no compensatory damages. The defendant moved to excise the punitive damage award or grant a judgment notwithstanding the verdict. The court granted a new trial on the plaintiff's motion. We find no error or abuse of discretion and affirm.

## Background

[¶ 2.] The facts are fully detailed in *Henry v. Henry*, 534 N.W.2d 844 (S.D. 1995) [*Henry I*]. We will not discuss them at length here. Briefly, Lois and Harold Henry divorced on December 7, 1990 by settlement and stipulation. Harold had tormented and harassed Lois in the latter years of their marriage. He continued his pattern after their divorce. As part of his vengeful mind-set, he arranged to have Lois criminally prosecuted on a bogus theft charge. Then he sent messages about her arrest to her friends and local television stations. Eventually, the charges were dismissed. He sent her many sordid letters, some with pornography, many with threats. In one letter was a picture of a half-dug hole in a basement with a caption predicting it to be her grave. Lois sought mental health counseling to cope with the depression and emotional turmoil caused by this offensive barrage. Finally, she sued. Harold counterclaimed for defamation. In the first round, before this case was remanded, the circuit court granted Harold summary judgment against Lois. She appealed, and we held that although she could not sue for pre-divorce acts, she could sue for post-divorce torts. *Henry I*, 534 N.W.2d at 846–47. The case proceeded to trial on her claim for intentional infliction of emotional distress and Harold's action for defamation.

[¶ 3.] The jury found for Lois on "all the issues under the complaint" and against Harold on his counterclaim. The verdict awarded zero compensatory damages and $50,000 punitive damages. Harold moved to excise the punitive damages award, or in the alternative, for judgment notwithstanding the verdict. Lois moved for a new trial pursuant to SDCL 15–6–59(a)(5)–(6).[1] In its letter decision, the court wrote: "I believe the only clean way to handle this matter is to start all over with a new trial on all the issues."

[¶ 4.] Harold appeals, asserting that the court erred in (a) denying his motion to excise the punitive damages verdict, and (b) granting Lois's motion for a new trial. We examine these two issues as one. Our review is under the abuse of discretion

1. SDCL 15–6–59(a):

A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

. . .

(5) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;
(6) Insufficiency of the evidence to justify the verdict or other decision or that it is against law; . . .

standard as recently explained in *Berry v. Risdall*, 1998 SD 18, ¶ 9, 576 N.W.2d 1, 4.

### Analysis and Decision

[¶ 5.] "This court has consistently held that punitive damages are not allowed absent an award for compensatory damages." *Schaffer v. Edward D. Jones & Co.*, 521 N.W.2d 921, 928 (S.D.1994) (citing *Time Out, Inc. v. Karras*, 469 N.W.2d 380, 386 (S.D.1991); *Speck v. Anderson*, 349 N.W.2d 49, 51 (S.D.1984); *Johnson v. Kirkwood, Inc.*, 306 N.W.2d 640, 643 (S.D. 1981)); *Roberts v. Shaffer*, 36 S.D. 551, 156 N.W. 67, 68 (1916). *See also* SDCL 21–3–2.[2] One rationale for requiring proof of actual·damages "before punitive damages may be awarded is that we do not punish conduct, no matter how malicious or reprehensible, which in fact causes no injury." *Schaffer*, 521 N.W.2d at 928 (citation omitted). In furtherance of this view we have often said that punitive damages must bear a reasonable relationship to the compensatory damage award. *Grynberg v. Citation Oil & Gas Corp.*, 1997 SD 121, ¶ 38, 573 N.W.2d 493, 504 (citing *Centrol, Inc. v. Morrow*, 489 N.W.2d 890, 896 (S.D.1992)). Consider Prosser's reflection that allowing punitive damages without actual damages creates an incentive to bring "petty outrages" to court. Prosser and Keeton on The Law of Torts, § 2 (5th ed. 1984). *See generally* Richard C. Tinney, J.D., Annotation, *Sufficiency of Showing of Actual Damages to Support Award of Punitive Damages—Modern Cases*, 40 A.L.R.4th 11 (1985).

[¶ 6.] The tort of intentional infliction of emotional distress requires no proof of physical injury or actual pecuniary loss. It is established by showing that the actor (1) by extreme and outrageous conduct, (2) acted intentionally or recklessly to cause the plaintiff severe emotional distress, (3) which conduct in fact caused the plaintiff's distress, and (4) the plaintiff suffered an extreme, disabling emotional response to the actor's conduct. *Kjerstad v. Ravellette Publications, Inc.*, 517 N.W.2d 419, 428 (S.D.1994). This cause of action is described in the Restatement (Second) of Torts § 46 (1965), which states in part: ·

§ 46. Outrageous Conduct Causing Severe Emotional Distress

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Comment d to the Restatement explains that recovery is only permissible where the actor's conduct was "extreme and outrageous." Proof under this tort must exceed a rigorous benchmark. The conduct necessary to form intentional infliction of emotional distress must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized community." *Id. See Stene v. State Farm Mut. Auto. Ins. Co.*, 1998 SD 95, ¶ 32, 583 N.W.2d 399, 404; *Tibke v. McDougall*, 479 N.W.2d 898, 906–07 (S.D.1992). In cases of intentional infliction of emotional distress, requiring proof of conduct "regarded as atrocious, and utterly intolerable in a civilized community," the burden is sufficiently high that only extreme and outrageous misconduct will justify even minor compensatory damages.

[¶ 7.] If a jury returns a verdict in the plaintiff's favor for zero damages in a case that requires proof of damages as an essential element, then the cause of action ·

---

**2.** SDCL 21–3–2 provides:

In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, or in any case of wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, in disregard of humanity, the jury, *in addition to the actual damage,* may give damages for the sake of example, and by way of punishing the defendant. (Emphasis added.)

has not been proved, and no punitive damages can be awarded. Prosser & Keeton, *supra,* § 2. In such instances a judgment n.o.v. or an order excising the punitive damage award may be appropriate. Here, however, a zero verdict on compensatory damages is not necessarily fatal to Lois's case. The court properly instructed the jury that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is liable for the injury which results." But the instructions also explained that "[i]n a cause of action alleging intentional infliction of emotional distress, it is not necessary for the plaintiff to experience physical injury in order to recover."

[¶ 8.] Trial courts possess wide discretion to remedy injustice by granting a new trial. *Simmons v. City of Sioux Falls,* 374 N.W.2d 631, 632 (S.D.1985). We review such decisions under an abuse of discretion standard. *Berry,* 1998 SD 18, ¶ 9, 576 N.W.2d at 4. An abuse of discretion occurs when no judicial mind, in view of the law and the circumstances, could reasonably have reached such a conclusion. *Junge v. Jerzak,* 519 N.W.2d 29, 31 (S.D. 1994) (quoting *Jensen v. Weyrens,* 474 N.W.2d 261, 263 (S.D.1991)). "[A] clearer showing of an abuse of discretion is required when a new trial has been granted than where a new trial has been denied." *Delzer v. Penn,* 534 N.W.2d 58, 60 (S.D. 1995) (citations omitted).

[¶ 9.] A new trial is an appropriate remedy when it appears from the verdict that "the jury has palpably mistaken the rules of law by which damages in a particular case are to be measured." *Itzen v. Wilsey,* 440 N.W.2d 312, 314 (S.D.1989). In considering a new trial motion, the judge is not required to view the evidence in a light most favorable to the nonmoving party. 1 S. Childress and M. Davis, Federal Standards of Review § 5.09 (2d ed. 1992) (discussing Rule 59 of the Federal Rules of Civil Procedure). This is particularly important here because as shown by its verdict the jury obviously viewed Ha-

rold's behavior as egregious. Although the judge failed to give reasons for the grant of a new trial, where the justification is clear from the record, we think it unnecessary to remand merely to make the court recite reasons. Patently, the jury believed Lois had been the victim of outrageous misconduct as evidenced by its punitive damage figure, but awarded no compensatory damages even though there was evidence in the record to support such an award. A new trial may be granted when damages appear inadequate or when a verdict contradicts the evidence. SDCL 15–6–59(a)(5)–(6). Therefore, we see no error or abuse of discretion in the court's refusal to grant Harold's motions and its decision instead to grant a new trial to Lois on her complaint.

[¶ 10.] Affirmed.

[¶ 11.] MILLER, Chief Justice and SABERS, AMUNDSON, and GILBERTSON, Justices, concur.