# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 18, 2016 Session

## OLD REPUBLIC LIFE INSURANCE COMPANY v. ROBERTA WOODY
### ET AL.

**Appeal from the Circuit Court for McMinn County**
**No. 2013-CV-117      J. Michael Sharp, Judge**

---

**No. E2016-00844-COA-R3-CV – Filed March 17, 2017**

---

This case involves the interpretation and application of the prior suit pending doctrine. Old Republic Life Insurance Company (Insurer) brought this action in the McMinn County Circuit Court (the trial court) as subrogee of Darrell King, its insured, who had been injured in an accident. King's attorneys filed three separate notices of appearance on his behalf. King also moved to intervene in his Insurer's suit, but later withdrew his motion. Still later, Insurer moved to join King as a necessary and indispensible party. The trial court granted the motion. More than two and half years after Insurer's complaint was filed, King filed a complaint in Davidson County seeking compensation for his injuries. The trial court granted King's motion to dismiss this action based on the prior suit pending doctrine. We hold that, under the prior suit pending doctrine, the trial court, McMinn County Circuit Court, is the proper forum. We vacate the judgment of the trial court and remand for futher proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, joined.

Sean W. Martin and Ashley M. Baxter, Chattanooga, Tennessee, for the appellant, Old Republic Life Insurance Company.

John Thomas Feeney, Nashville, Tennessee, for the appellees, Roberta Woody and Osborn Transportation, Inc.

1

William B. Hicky, Nashville, Tennessee, for the appellee, Darrell King.

**OPINION**

**I.**

On April 25, 2012, an accident occurred in McMinn County between two tractor-trailer vehicles. Roberta Woody, who drove a truck for Osborn Transportation, Inc., allegedly backed her tractor-trailer into one driven by Darrell King, causing him injury. King's employer provided him with insurance coverage through Insurer. Insurer reimbursed King for the costs of his medical treatment and wage losses resulting from the accident.

Nearly a year after the accident, on April 12, 2013, Insurer filed this action in the trial court against Woody and Osborn Transportation (defendants), as the subrogee of King, alleging that King had assigned his negligence claim to Insurer so that it could recover the benefits paid by it to King. Insurer sought a judgment for its subrogation interest.

On September 19, 2014, attorney William B. Hicky filed a notice of appearance stating that he "will represent subrogor Darrell King in this cause." Two months later, Hicky filed a motion requesting the trial court to admit Georgia attorney Paul Reginald Ayerbe *pro hac vice*, to represent King, which the court granted. On December 11, 2014, the trial court entered an agreed order setting a trial date of November 19, 2015. On March 10, 2015, Ayerbe entered a notice of appearance "on behalf of the Plaintiff." It is undisputed that Ayerbe represented King; but if there had been any doubt, it was dispelled by Ayerbe filing a second entry of appearance on September 28, 2015 "as counsel for Plaintiff Darrell King." At the same time, King filed a motion to intervene as of right under Tenn. R. Civ. P. 24.01 His motion states, in pertinent part, as follows:

> (1) Darrell King claims an interest relating to the transaction that is the subject matter of this action and Darrell King is so situated that the disposition of the action may, as a practical matter, impede or impair his ability to protect that interest as required by Rule 24.01; and
>
> (2) No existing party to this action is adequately representing Darrell King's interest in this lawsuit. A scheduling [o]rder was entered in December, 2014. To date, there has been no party depositions, no medical depositions, no depositions for

2

use at trial, no medical testimony taken for use at trial, and counsel for [Insurer] a/s/o Darrell King has made no contact with Darrell King. Accordingly, Mr. King is entirely unaware that a trial has been set down in this matter. As such, there is no way Mr. King's interests have been or will be adequately protected.

Consequently, Darrell King requests this Court to enter an [o]rder, pursuant to Rule 24.01 . . . allowing him to intervene in this action and to file the Complaint which is attached as Exhibit "A" to this Motion.

A motion hearing took place on October 29, 2015, at which time the procedural history took an unusual turn. Attorney Ayerbe announced an agreement between King and the defendants:

MR. AYERBE: I believe the defendants are willing to stipulate on the record that they will not oppose Mr. King filing a separate action either on the basis of the statute of limitations or on any kind of waiver or estoppel basis relating to this action. And if that stipulation is made, then Mr. King is going to withdraw his motion to intervene in this action.

\*      \*      \*

MR. FEENEY [Defendants' attorney]: Early on, the case was filed in Georgia, and the case was dismissed in Georgia under the agreement that the defendants would not raise the statute of limitations argument were it refiled in Tennessee.

THE COURT: Okay.

MR. FEENEY: That was one of the bases the Georgia Superior Court said, "Okay, I'll dismiss it for venue purposes and such," but he says, "I'm not going to leave these people hanging without" –

THE COURT: Sure.

MR. FEENEY: So I agreed with counsel for Mr. King that, if they file a lawsuit, I will not raise the statute of limitations or

3

argue that they've waived their opportunity by not participating in this litigation. And that's the stipulation I think that they want to hear.

MR. AYERBE: It is, Your Honor. So Mr. King would like to withdraw his motion to intervene.

Insurer immediately objected, making an oral motion to join King as a necessary and indispensible party under Tenn. R. Civ. P. 19.01.[1] The trial court took that motion under advisement and asked Insurer to file it in writing. On November 17, 2015, the court entered an order setting forth its ruling on the issues presented at the October 29 hearing:

[King's] [m]otion to [i]ntervene was withdrawn . . . as Darrell King anticipates filing a separate cause of action against the Defendants.

Plaintiff stated an oral [m]otion to [c]ontinue the November 17, 2015 trial date and an oral [m]otion to join Darrell King as a party as he is a Person Needed for Just Adjudication of the issues in this matter pursuant to Rule 19 of the Tennessee Rules of Civil Procedure.

\* \* \*

It is . . . ORDERED[,] ADJUDGED and DECREED [that] the . . . [m]otion to [i]ntervene is MOOT as it is withdrawn by counsel for Darrell King, the oral [m]otion to [c]ontinue is

---

[1] Tenn. R. Civ. P. 19.01 provides as follows:

A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the persons absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly shold join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

> DENIED, [and] the Rule 19 [m]otion to join Darrell King as a
> Person Needed for Just Adjudication is DEFERRED pending
> Plaintiff's formal written [m]otion[.]

(Capitalization in original.)

Insurer filed its written Rule 19 motion three days later, on November 20, 2015. In the meantime, on November 3, King filed a complaint in Davidson County Circuit Court alleging defendants negligently injured him in the April 25, 2012 accident. On December 15, 2015, defendants filed a response in the trial court in opposition to the joinder of King, based on Tenn. R. Civ. P. 17, which requires generally that "[e]very action shall be prosecuted in the name of the real party in interest," and a motion to dismiss this action based on the doctrine of prior suit pending. In an order entered December 31, 2015, the trial court denied the motion to dismiss, stating:

> It is hereby ORDERED, ADJUDGED and DECREED that
> [Insurer's] Motion to Join Darrell King as an Indispensable
> Party is well-taken and should be GRANTED. Darrell King
> is both a necessary and indispensable party end is hereby
> ordered to join in this matter voluntarily by filing a Complaint
> for relief by December 31, 2015. If Darrell King refuses to
> voluntarily join by December 31, 2015, he will be added as an
> involuntary plaintiff under Rule 19.01 of the Tennessee Rules
> of Civil Procedure and the case will proceed to trial against
> him in absentia.

(Capitalization in original.)

King complied with this order by filing a complaint in the trial court on January 6, 2016. On February 11, 2016, King filed a motion requesting "entry of an order dismissing him as an involuntary plaintiff" and asking the court to "dismiss [Insurer's] suit and allow the Davidson County Circuit Court action to run its course." The trial court granted King's requests by order entered March 30, 2016, stating,

> . . . the court finds that Darrell King was not officially made
> a party to this litigation until this court's order of 12/31/2015.
> The court takes judicial notice of the fact that in pre-trial
> proceedings, Darrell King was given the opportunity to join
> this litigation as a plaintiff. However, Mr. King chose not to
> join this litigation. . . . On 11/3/2015, Darrell King filed a

5

separate complaint against the defendants in this case . . . in the Circuit Court for Davidson County, Tennessee[.]

[Insurer] in this case then filed a motion seeking to join Darrell King as a plaintiff to this McMinn County litigation, and the defendants opposed the joinder of Darrell King to this action due to the prior suit pending in the Circuit Court for Davidson County, Tennessee and Rule 17 of the Tennessee Rules of Civil Procedure. This court signed an order allowing for the joinder of Mr. King, finding that Mr. King was both a necessary and indispensable party.

The court now finds that, due to the fact that Mr. King individually has filed his own suit in Davidson County, Tennessee on 11/3/2015, that the doctrine of prior suit pending is applicable. Specifically, the court finds that the prior suit filed by Mr. King in Davidson County arises out of the exact set of facts that are involved in the McMinn County litigation. The court finds that the suit is prior because it includes Mr. King as a party, in that he filed as a plaintiff in Davidson County before he was joined by this court in the December 2015 order of this court. The court finds that the suits involve exactly the same parties, and the court finds that Mr. King's individual suit filed in Davidson County was "technically" pending in a court of this state having jurisdiction over both the subject matter and personal jurisdiction over the parties prior to his being joined in this particular case. Therefore, the court finds that the elements required under the prior suit pending doctrine have all been met.

Insurer timely filed a notice of appeal.

## II.

The issue is whether the trial court erred in dismissing the suits before it based upon the prior suit pending doctrine. "The application of the doctrine of prior suit pending presents a question of law, which we review de novo with no presumption of correctness." *Pitts v. Villas of Frangista Owners' Assn., Inc.*, No. M2010-01293-COA-R3-CV, 2011 WL 4378027, at *4 (Tenn. Ct. App., filed Sept. 20, 2011), citing *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 622 (Tenn. 2008).

The Supreme Court in *West* discussed the prior suit pending doctrine and its elements, providing the following guidance:

> The prior suit pending doctrine is derived from the ancient common-law rule prescribing that a person "shall not be . . . twice vexed for one and the same cause." Under the common-law rule, a party could have an action barred on procedural grounds if there was a prior suit pending against him in the same jurisdiction for the same cause of action.
>
> *       *       *
>
> [T]here are four essential elements to a defense of prior suit pending: 1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties;[2] 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties.

256 S.W.3d at 623 (footnote in original; internal citations omitted).

Insurer argues that its lawsuit, filed roughly two and a half years before King's Davidson County suit, is the prior suit. There is no question that the two lawsuits involve identical subject matter and that the trial court has jurisdiction. We hold that the "same parties" element has been met in this case as well. In *Fidelity & Guaranty Life Ins. Co. v. Corley*, No. W2002-02633-COA-R9-CV, 2003 WL 23099685 (Tenn. Ct. App., filed Dec. 31, 2003), we stated the following about this element:

> The decision on whether to apply the [prior suit pending] doctrine turns on the "same parties" requirement. The parties in the Humphreys County suit and the Henry County suit are not identical because, although Patterson and F & G are

---

[2] "Although *Cockburn* [*v. Howard Johnson, Inc.*, 385 S.W.2d 101 (Tenn. 1964)] states that the lawsuit must be between the same parties, we [*i.e.*, the Supreme Court] have held previously that the doctrine of prior suit pending may also be applicable when a party in a subsequent lawsuit is the privy of a party in the former lawsuit. *Fultz v. Fultz*, 180 Tenn. 327, 175 S.W.2d 315, 316 (1943)."

involved in both lawsuits, Wife and Corley's estate are not yet before the court in Humphreys County.

*    *    *

[I]n *Cockburn v. Howard Johnson*, . . . [t]he Tennessee Supreme Court observed that "[t]he defendants in these two cases are not identical but are in effect the same. The liability of defendants, Howard Johnson's, Inc. . . . will depend upon the liability of the defendant [Buchanan] as their agent, servant or employee." Therefore, . . . the Court noted that the "same parties" requirement could be met if the parties were "in effect the same." [385 S.W.2d at 102].

*    *    *

[A]lthough cases discussing the elements of the doctrine of prior suit pending refer to both lawsuits involving the "same parties," the requirements of the doctrine may be met where the subject matter in both lawsuits is identical, and the parties involved in each are "sufficiently similar so as to make no practical difference."

2003 WL 23099685, at *4, *6 (quoting and discussing *Roy v. Diamond*, 16 S.W.3d 783 (Tenn. Ct. App. 1999), *Murphy v. Jackson*, No. 02A01-9510-CV-00213, 1996 WL 601597 (Tenn. Ct. App., filed Oct. 22, 1996), and federal cases applying the similar "first-filed" rule); *accord* *Comcast of the South v. Elec. Power Bd. of Chattanooga*, No. E2008-01788-COA-R3-CV, 2009 WL 1328336, at *6 (Tenn. Ct. App., filed May 13, 2009) (observing "Comcast is a member of TCTA and their interests in these lawsuits are identical. . . . We conclude that Comcast and TCTA are sufficiently similar as to make no practical difference").

In addition to being similarly situated to Insurer under the circumstances, King was significantly involved with this lawsuit long before he filed a second one. He had an attorney enter a notice of appearance on his behalf on three separate occasions. The third notice of appearance refers to him as "Plaintiff Darrell King." He filed a motion to intervene as of right, along with a proposed complaint, in this action.

When Insurer learned King was withdrawing his motion to intervene, it immediately objected and moved to join him as a necessary and indispensible party. This oral motion was pending at the time King filed his Davidson County lawsuit. The trial

court later considered and granted the motion, despite the fact that the trial court was aware of the second lawsuit, stating that "Darrell King is both a necessary and indispensable party and is hereby ordered to join in this matter." This order was not subsequently vacated, altered, or amended by the trial court. We hold that the decision to add King as a necessary party was correct.

Defendants relied on Tenn. R. Civ. P. 17 in support of their opposition to King's joinder. Rule 17.01 is helpful and instructive under the circumstances here. It provides, in pertinent part, as follows:

> Every action shall be prosecuted in the name of the real party in interest; but . . . a party to whose rights another is subrogated, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his or her own name without joining the party for whose benefit the action is brought . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement by, or joinder or substitution of, the real party in interest; and such . . . joinder . . . *shall have the same effect as if the action had been commenced in the name of the real party in interest*.

(Emphasis added.) Thus, under Rule 17, the joinder of King had the same effect as if he had commenced the original action, on April 12, 2013, so he was a party by operation of the rule. This action predates King's later lawsuit by more than two and half years. Everyone agrees that the determination of liability and damages resulting from the accident should be decided in one court in a single suit. Under the prior suit pending doctrine, the trial court is the proper forum.[3]

## IV.

The judgment of the trial court is vacated, and this case is remanded for such

---

[3] The sole issue on appeal is the proper application of the prior suit pending doctrine. We do not decide any other potential issues, as no others were raised, and the trial court is at liberty to address other issues presented by the circumstances of the case as they may arise.

further proceedings as may be necessary, consistent with this opinion. Costs on appeal are assessed to appellee, Darrell King.

_____
CHARLES D. SUSANO, JR., JUDGE